PEOPLE v BRUCE

Docket No. 48846. Submitted October 7, 1980, at Grand Rapids.—
Decided December 16, 1980.

Michael D. Bruce pled guilty in Calhoun Circuit Court to break-
ing and entering an unoccupied dwelling with intent to commit
larceny pursuant to a plea-bargain agreement and was fined
and sentenced to probation. Defendant later was brought before
another judge of the same circuit court for a show cause
hearing on a charge of nonsupport. During preliminary pro-
ceedings in judge's chambers, he became unruly, resisted re-
straint, and, as a result, was found in contempt of court. He
was given a suspended sentence, and, in addition, a notice of
probation violation was filed against him. Following a contested
hearing, he was found to be in violation of the conditions of his
probation. His probation was revoked, and he was sentenced to
prison, Paul Nicolich, J. He appeals, alleging that the condition
of his probation of which he was found to be in violation was
impermissibly vague, his rights to due process were violated,
and that the failure of the court to consider an updated
presentence report prior to imposing its sentence entitles him
to resentencing. *Held:*

1. The condition of defendant's probation which proscribed
antisocial conduct as applied to the facts and circumstances of
the case was not impermissibly vague. Defendant received
sufficient explanation of the conditions of his probation from
his probation officer to afford him actual prior notice.

2. The presentence report of which the trial court was aware
prior to imposing sentence had been prepared at the time of
defendant's original sentencing. Defendant was entitled to have
the court consider an updated presentence report prior to its

REFERENCES FOR POINTS IN HEADNOTES
[1, 6] 16A Am Jur 2d, Constitutional Law §§ 829-831.
   21 Am Jur 2d, Criminal Law § 568.
[2, 3, 5, 6, 8] 21 Am Jur 2d, Criminal Law §§ 564, 565, 568.
[4, 7] 73 Am Jur 2d, Statutes § 346.
[8] 21 Am Jur 2d, Criminal Law §§ 567-569.

imposition of sentence and, thus, is entitled to resentencing following the court's consideration of such a report.

Affirmed and remanded for resentencing.

1. CRIMINAL LAW — PROBATION VIOLATIONS — ANTISOCIAL CONDUCT — DUE PROCESS.

A notice of probation violation may not simply charge that a defendant has engaged in antisocial conduct; specific instances of conduct providing the grounds for such a charge must be set out in a manner so as to be understood and evaluated by a defendant to satisfy due process.

2. CRIMINAL LAW — DUE PROCESS — PROBATION VIOLATIONS — PROSCRIBED BEHAVIOR.

Due process requires in general that a person know in advance what questionable behavior is prohibited by the terms of his probation.

3. CRIMINAL LAW — PROCEDURAL DUE PROCESS — PROBATIONERS.

A probationer is not entitled to the full realm of procedural due process guarantees afforded a defendant in a criminal trial.

4. CONSTITUTIONAL LAW — DUE PROCESS — STATUTES — VAGUENESS.

Vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand.

5. CRIMINAL LAW — CONDITIONS OF PROBATION — VAGUENESS.

A condition of probation which may be too vague to disclose every instance in which it may properly be applied may still operate to prohibit the specific conduct with which a defendant is charged if the conduct is clearly and fairly within the terms of the condition.

6. CRIMINAL LAW — CONDITIONS OF PROBATION — PRIOR NOTICE — DUE PROCESS.

Sources other than the express language of a condition of probation may supply the prior notice to a probationer which due process demands.

7. STATUTES — JUDICIAL CONSTRUCTION — NOTICE — VAGUENESS — PROSCRIBED CONDUCT.

Judicial construction of an otherwise vague statute may suffice to give notice of the type of conduct to which the statute applies.

8. CRIMINAL LAW — PROBATION REVOCATION — UPDATED PRESEN-
  TENCE REPORTS.
    The rule which requires the use of an updated presentence report
    upon resentencing for a felony conviction applies equally to
    sentencing after revocation of probation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James Norlander,* Prosecuting Attorney, and *Richard A. Pattison,* Assistant Prosecuting Attorney, for the people.

*Chari Grove,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. M. MAHER, P.J., and R. B. BURNS and D. F. WALSH, JJ.

PER CURIAM. Defendant was bound over for trial on a charge of breaking and entering an unoccupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. Pursuant to an agreement reached with the prosecution, defendant pled guilty to attempting to commit the charged offense. MCL 750.92; MSA 28.287. His plea was accepted, and he was sentenced, on July 25, 1977, to three years probation and ordered to pay a $100 fine and $200 in costs.

On February 26, 1979, defendant was brought before another judge of the same circuit court for a show cause hearing on a charge of nonsupport. Preliminary proceedings were being held in the judge's chambers at which defendant acknowledged being behind in his obligations. Defendant also informed those present that, after many months of looking, he that day had secured employment and was to start work the next day. The judge indicated that a formal hearing would be held in open court on the show cause order and that defendant might have to go to jail. Defendant

apparently became frustrated and upset at the hint of jail, especially since he had just found a job, and began to shout obscenities as he rose and started to leave the judge's chambers. Help was summoned, and a police officer, working through the office of the Friend of the Court, arrived to find the defendant in the hallway still shouting at the judge. The officer told defendant that he could not leave, but, at the sight of the police officer, defendant ran to the end of the hallway where he turned and struck a karate-type stance. The officer attempted to subdue the defendant and claimed he was struck in the forehead while doing so. Another Friend of the Court employee joined in the struggle and apparently was bitten on the arm by defendant. Defendant did not deny resisting but did deny hitting the officer and claimed that he bit the other Friend of the Court employee because he was being strangled.

As a result of these events, defendant was found in contempt of court and was given a six month suspended sentence. In addition, a notice of probation violation was filed against the defendant, specifically charging that, because of the above-described events, he was in violation of the eighth condition of his probation, which provided:

"That he shall not engage in any anti-social conduct which shall furnish this Court good cause to believe that this probationary grant should be revoked in the public interest."

After a contested hearing, defendant was found to be in violation of the conditions of his probation and was sentenced to a prison term of from 40 to 60 months. Defendant now appeals by right from the order of the trial court revoking his probation.

Defendant's principal argument on appeal is

that the "antisocial conduct" condition of proba-
tion gives no notice of what is actually proscribed
and, as a result, is unconstitutionally vague, in
violation of due process. The term in question is
often made an express condition of probation, most
likely because it is a statutory ground for revoca-
tion of probation. Surprisingly, however, it has not
attracted much attention in our appellate courts.
It was most extensively treated in *People v Peter-
son,* 62 Mich App 258, 263-265; 233 NW2d 250; 79
ALR3d 1072 (1975), *lv den* 397 Mich 811 (1976),
where the Court noted with concern the flexibility
of the term and expressed apprehension as to
whether a probationer who was told not to engage
in "antisocial conduct" would be sufficiently ap-
prised of the conditions of his probation. After
examining the extent to which such conditions are
imposed in other jurisdictions, however, the Court
refused to find that the condition itself violated
due process. By way of a caveat, the Court did note
that the notice of probation violation could not
simply charge that a defendant had engaged in
antisocial conduct, but, so long as the specifics
were set out in such a manner as to be understood
and evaluated, due process was satisfied. See *Peo-
ple v Acosta,* 65 Mich App 640, 641; 237 NW2d 601
(1975), *People v Elbert,* 21 Mich App 677, 683 fn 9;
176 NW2d 467 (1970).

In general, due process requires that a person
know in advance what questionable behavior is
prohibited. *Grayned v City of Rockford,* 408 US
104; 92 S Ct 2294; 33 L Ed 2d 222 (1972), *diLeo v
Greenfield,* 541 F2d 949, 953 (CA 2, 1976), *People v
Howell,* 396 Mich 16, 20; 238 NW2d 148 (1976). To
the extent that *Peterson* suggests prior notice is
not required, we disagree. Although a probationer
is not entitled to the full realm of *procedural* due

process guarantees afforded a defendant in a criminal trial, *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), *People v Rial,* 399 Mich 431; 249 NW2d 114 (1976), it has long been held in Michigan that a probationer is entitled to prior notice of the conditions of his probation and that the conditions must clearly inform the probationer of just what is expected of him. *People v Sutton,* 322 Mich 104; 33 NW2d 681 (1948), *People v Pippin,* 316 Mich 191, 196; 25 NW2d 164 (1946). The due process notion of prior notice has been applied in other settings where the rights attendant to a criminal trial are not in full effect. See *Parker v Levy,* 417 US 733; 94 S Ct 2547; 41 L Ed 2d 439 (1974) (military), *diLeo, supra* (teacher termination).

Judged by these standards, we believe the condition of probation which prohibited the defendant from engaging in "antisocial conduct" to be, without more, impermissibly vague. As the *Peterson* Court remarked: "What is 'antisocial' in an exclusive club in a sedate suburb and what are perfectly acceptable mores in a lusty metropolitan gathering place can be as far apart as the poles". *Peterson, supra,* 264. While it is undoubtedly true that there are forms of conduct which all segments of society would consider "antisocial", it is also true that there would be vast disagreement as to whether a great many other forms of conduct were "antisocial". The terms of the condition of probation itself are insufficient to apprise the probationer of what activity is actually forbidden.

This does not necessarily mean that defendant is entitled to have his probation revocation vacated. Unless the vagueness challenge involves First-Amendment freedoms the defendant's conduct

must be examined in light of the facts of the case at hand. *United States v National Dairy Products Corp,* 372 US 29; 83 S Ct 594; 9 L Ed 2d 561 (1963), *Howell, supra,* 21. Although a condition may be too vague to disclose every instance in which it might properly be applied, it may still operate to prohibit the specific conduct with which a defendant is charged, if that conduct is clearly and fairly within the terms of the condition. See *People v Masten,* 96 Mich App 127, 131; 292 NW2d 171 (1980). In addition, sources other than the express language of the condition may supply the prior notice which due process demands. For example, it has been held that judicial construction of an otherwise vague statute may suffice to give notice of the conduct to which the statute applies. *Rose v Locke,* 423 US 48; 96 S Ct 243; 46 L Ed 2d 185 (1975), *Wainwright v Stone,* 414 US 21; 94 S Ct 190; 38 L Ed 2d 179 (1973), *Howell, supra,* 21. See, also, *Parker, supra.*

In the instant case, defendant's probation officer testified at the revocation hearing that on the day that defendant was placed on probation he discussed the conditions of the probation with defendant. He further testified regarding the condition prohibiting antisocial conduct that he informed the defendant that fighting was an example of such conduct. We believe that this was sufficient, in a probationary setting, to accord the defendant prior notice that he was not to engage in fighting. Indeed, the direct, face-to-face notice that the defendant in the instant case received from the very person who would charge any violations was superior to that provided by prior judicial construction, as a defendant may have no actual notice of such a construction. Accordingly, we hold that as applied to the facts and circumstances of the instant

case the condition prohibiting antisocial conduct was not impermissibly vague.

Defendant also argues that he is entitled to resentencing because an updated presentence report was not used. The record reflects that the trial court was aware of a presentence report that had been prepared at the time of the original sentencing, over three years before the sentencing now challenged. The prosecution concedes this issue, and rightly so, as the considerations underlying the requirement of an updated presentence report on a resentencing as announced in *People v Tripplett,* 407 Mich 510; 287 NW2d 165 (1980), apply equally to sentencing after revocation of probation. See, also, *People v Smith,* 66 Mich App 639, 641; 239 NW2d 431 (1976). Defendant is entitled to resentencing at which the trial court is to consider a reasonably updated presentence report.

Affirmed and remanded for resentencing.