PEOPLE v GAGNON

Docket No. 67619. Submitted April 20, 1983, at Lansing.—Decided
October 12, 1983.

Defendant, William Gagnon, was convicted by a jury in district
court of assault and battery and being a disorderly person. He
was sentenced to pay fines and costs totaling $160. Defendant
appealed to the Oakland Circuit Court. The circuit court, David
F. Breck, J., reversed the conviction and remanded for retrial
on the offense of assault and battery. The court also reversed
and dismissed the conviction on the offense of being a disor-
derly person, holding § (1)(e) of the disorderly person statute to
be unconstitutionally vague as applied. The people appeal, by
leave granted, from the finding that the public disturbance
provision of the disorderly person statute is unconstitutionally
vague as applied. *Held:*

1. The disorderly person statute provides no standards as to
what is a public disturbance. It vests virtually complete discre-
tion in a finder of fact to determine whether a public distur-
bance has been committed.

2. Since no statutory standards elaborate on what actions
qualify as a public disturbance, the statute cannot stand up to
defendant's void-for-vagueness challenge *as applied to the facts*
of this case.

3. The entire statute need not be held unconstitutional since
the Court of Appeals construed the public disturbance provi-
sions of the disorderly person statute to require a finding that
an accused, while intoxicated, directly endangered the safety of

REFERENCES FOR POINTS IN HEADNOTES

[1] 16A Am Jur 2d, Constitutional Law § 818.
[1, 2] 21 Am Jur 2d, Criminal Law §§ 15-17.
   73 Am Jur 2d, Statutes § 346.
[3] 21 Am Jur 2d, Criminal Law § 15.
[4] 16 Am Jur 2d, Constitutional Law § 212.
   73 Am Jur 2d, Statutes §§ 37, 42, 103, 123.
[5, 6] 12 Am Jur 2d, Breach of Peace and Disorderly Conduct §§ 8, 34.
[6] 12 Am Jur 2d, Breach of Peace and Disorderly Conduct § 38.
[6, 7] 73 Am Jur 2d, Statutes § 206.
[8] 12 Am Jur 2d, Breach of Peace and Disorderly Conduct §§ 3, 34.

another person or of property as requisite to a finding of guilty of causing a public disturbance while intoxicated.

Affirmed as modified.

V. J. BRENNAN, P.J., dissented. He would find that the common ordinary meaning of the phrase "public disturbance" is sufficiently definite to provide fair notice of the conduct proscribed and does not confer on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed. He would not find the statute so obscure that men of common intelligence must necessarily guess at its meaning and differ as to its applicability. He would reverse.

## OPINION OF THE COURT

1. CONSTITUTIONAL LAW — DUE PROCESS — CRIMINAL LAW — STATUTES — VAGUENESS.

All persons are constitutionally guaranteed due process of law; a basic principle of due process is that a criminal statute is void for vagueness if its prohibitions are not clearly defined (US Const, Am XIV; Const 1963, art 1, § 17).

2. CRIMINAL LAW — DUE PROCESS — STATUTES — VAGUENESS.

A criminal statute may be challenged for vagueness on three grounds: (1) it does not provide fair notice of the conduct proscribed; (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; (3) its coverage is overbroad and impinges on First Amendment freedoms.

3. CRIMINAL LAW — DUE PROCESS — STATUTES — VAGUENESS.

Policemen, prosecutors, and juries cannot be allowed to pursue their personal predilections in determining whether a vague statutory standard has been violated.

4. STATUTES — JUDICIAL CONSTRUCTION.

It is the duty of the Court of Appeals to interpret legislation in a manner that supports its constitutionality even when faced with a valid void-for-vagueness claim as applied to the facts of the case; where the general class of offenses under a statute can be made constitutionally definite by a reasonable construction of the statute, the Court must give the statute that construction.

5. CRIMINAL LAW — DISORDERLY PERSONS — PUBLIC DISTURBANCE.

The public disturbance provision of the disorderly person statute requires, as a requisite to a finding of guilty of causing a public disturbance while intoxicated, a finding that an accused, while

intoxicated, directly endangered the safety of another person or of property (MCL 750.167[1][e]; MSA 28.364[1][e]).

Dissent by V. J. Brennan, P.J.

6. Criminal Law — Disorderly Persons — Public Disturbance.

The common, ordinary meaning of the phrase "public disturbance" contained in the public disturbance provision of the disorderly person statute is sufficiently definite to provide fair notice of the conduct proscribed and does not confer on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; the statute is not so obscure that men of common intelligence must necessarily guess at its meaning and differ as to its applicability (MCL 750.167[1][e]; MSA 28.364[1][e]).

7. Statutes — Judicial Construction.

The ordinary meaning of a word can be determined for purposes of statutory construction by consulting a dictionary or by looking to past decisions of Michigan's appellate courts where the word has been defined.

8. Words and Phrases — Disturbances.

The word "disturbance" has been defined by the Court of Appeals as something which is less than threats of violence, is an interruption of peace and quiet, a violation of public order and decorum, or an interference with or hindrance of one in pursuit of his lawful right or occupation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*Barry L. Brickner,* for defendant on appeal.

Before: V. J. Brennan, P.J., and M. J. Kelly and N. J. Kaufman,* JJ.

Per Curiam. Defendant was found guilty by a jury in district court of assault and battery, MCL

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

750.81; MSA 28.276, and being a disorderly person, MCL 750.167; MSA 28.364. Defendant was sentenced to a fine and costs of $160 for both convictions and appealed to the Oakland County Circuit Court, which reversed. The circuit court held § (1)(e) of the disorderly person statute to be unconstitutionally vague as applied. The circuit court also reversed the assault and battery conviction because of instructional errors. Proceeding in accordance with MCL 770.12(1)(b); MSA 28.1109(1)(b), the people sought and were granted leave to appeal to this Court. The people contest only the circuit court's finding that the public disturbance provision of the disorderly person statute is unconstitutionally vague as applied.

At 9:30 p.m. on January 25, 1981, Carston Seales was driving defendant home from a Super Bowl party, where both had been drinking beer. Seales veered out of his lane while going around a curve and was stopped by Oakland County Sheriff's Deputy Gary Woods. Deputy Woods asked Seales for his driver's license, registration, and proof of insurance and asked him to step out of the vehicle.

Deputy Woods testified that he was about to give Seales some field sobriety tests when defendant, who appeared intoxicated, exited from the vehicle from the passenger side, walked to the trunk area, and came within a few feet of the officer. Woods asked defendant to return to the vehicle, but defendant refused and began using abusive language and expounding on his rights. Deputy Woods felt that defendant's actions prevented Woods from asking Seales questions and administering the sobriety tests. Woods arrested Seales and placed him in the back seat of the patrol car. Defendant returned to the passenger side of Seales's vehicle and got back in. Woods walked to

Seales's car and asked defendant for identification. Defendant replied that he did not have to give Woods any identification. Woods said that he needed defendant's identification because he had witnessed the DUIL arrest and the information was needed for the police report. Defendant became profane, argumentative, and abusive. Woods told defendant to exit from the vehicle and explained that he was going to impound it. Defendant refused to exit from the vehicle. Woods then told defendant that he was under arrest. Woods opened the car door and grabbed defendant's arm. Defendant reached out and pushed Woods back. Woods held onto defendant's arm and they both fell away from the vehicle. They wrestled in the mud briefly, but no punches were exchanged. Woods managed to get on top of defendant and hold him down until a back-up unit arrived.[1]

This appeal is concerned solely with the disorderly person conviction; the reversal and remand for retrial on the assault and battery conviction is simply held in abeyance pending the outcome of this appeal but is not under consideration here. The disorderly person statute, MCL 750.167; MSA 28.364, provides in part that:

"(1) A person is a disorderly person if the person is any of the following:

\* \* \*

"(e) A person who is intoxicated in a public place and who is either endangering directly the safety of another

---

[1] Perhaps the prosecutor's choice of charges should have included obstructing or attempting to obstruct an officer in the discharge of his duty, MCL 750.479; MSA 28.747. See generally *People v Krum*, 374 Mich 356; 132 NW2d 69 (1965), *cert den* 381 US 935; 85 S Ct 1765; 14 L Ed 2d 699 (1965). The circuit court opinion makes mention of a theory apparently utilized by the prosecutor during trial described as "interference with impoundment".

person or of property or is acting in a manner that causes a public disturbance."

The people contend, and the jury found, that defendant violated this provision to the extent that he was intoxicated in a public place and acted in a manner that caused a public disturbance.[2]

All persons are constitutionally guaranteed due process of law. US Const, Am XIV; Const 1963, art 1, § 17. A basic principle of due process is that a criminal statute is void for vagueness if its prohibitions are not clearly defined. *Grayned v City of Rockford,* 408 US 104, 108; 92 S Ct 2294; 33 L Ed 2d 222 (1972). A statute may be challenged for vagueness if it does not provide fair notice of the conduct proscribed, if it confers on a trier of fact unstructured and unlimited discretion to determine whether an offense has been committed, or if its coverage is overbroad and impinges on First Amendment freedoms. *Grayned, supra,* 408 US 108-109, accord, *People v Howell,* 396 Mich 16, 20; 238 NW2d 148 (1976).

The instant statute provides no standards as to what is a public disturbance. As such, the statute vests virtually complete discretion in a finder of fact to determine whether a public disturbance has been committed. Indeed, in the instant case only one member of the public, Officer Woods, was apparently "disturbed" by defendant's actions. Policemen, prosecutors, and juries cannot be allowed to pursue their personal predilections in determining whether a vague statutory standard has been

---

[2] Historically, intoxication in a public place constituted the entire gravamen of this offense. See *People v Hoy,* 380 Mich 597; 158 NW2d 436 (1968). By 1977 PA 109, the element of public intoxication was coupled with either the endangering of person or property or the creation of a public disturbance. This case apparently presents the first constitutional test in the Court of Appeals to the addition of these elements.

violated. *Smith v Goguen,* 415 US 566, 575; 94 S Ct
1242; 39 L Ed 2d 605 (1974). Since no statutory
standards elaborate on what actions qualify as a
public disturbance, the statute cannot stand up to
defendant's void-for-vagueness challenge as applied
to the facts of this case.

The entire statute, however, need not be held
unconstitutional. Even when faced with a valid
void-for-vagueness claim, it is our duty to interpret
legislation in a manner that supports its constitu-
tionality. *Screws v United States,* 325 US 91, 98;
65 S Ct 1031; 89 L Ed 1495 (1945); *People v
Downes,* 394 Mich 17, 27; 228 NW2d 212 (1975). If
the general class of offenses under a statute can be
made constitutionally definite by a reasonable con-
struction of the statute, we must give the statute
that construction. *United States v Harriss,* 347 US
612, 618; 74 S Ct 808; 98 L Ed 989 (1954). The
statute itself discusses the endangering directly of
"the safety of another person or of property". In
order to avoid striking down the disorderly person
statute as unconstitutional, we construe the public
disturbance provision of the disorderly person stat-
ute to require a finding that an accused, while
intoxicated, directly endangered the safety of an-
other person or of property as requisite to a find-
ing of guilty of causing a public disturbance while
intoxicated.

Affirmed as modified.

V. J. BRENNAN, P.J. *(dissenting).* I respectfully
dissent. I find that the common, ordinary meaning
of the phrase "public disturbance" is sufficiently
definite to provide fair notice of the conduct pro-
scribed and does not confer on the trier of fact
unstructured and unlimited discretion to deter-
mine whether an offense has been committed. I do
not find the statute to be so obscure that men of

common intelligence must necessarily guess at its meaning and differ as to its applicability.

The ordinary meaning of a word can be determined by consulting a dictionary, *People v Biegajski,* 122 Mich App 215, 225; 332 NW2d 413 (1982), or by looking to past decisions of our appellate courts where the word has been defined. The word "disturbance" has been defined in Michigan:

"A disturbance, which is something less than threats of violence, is an interruption of peace and quiet; a violation of public order and decorum; or an interference with or hindrance of one in pursuit of his lawful right or occupation." *People v Weinberg,* 6 Mich App 345, 351; 149 NW2d 248 (1967).

I would reverse.