## PEOPLE v STANLEY

Docket No. 149306. Submitted May 11, 1994, at Detroit. Decided
    October 17, 1994, at 9:25 A.M. Leave to appeal sought.

   Garrick Stanley, a juvenile, was convicted in the Detroit Record-
   er's Court, Gerswhin A. Drain, J., of possession with intent to
   deliver 650 grams or more of cocaine. He was sentenced to
   juvenile probation until the age of twenty-one years and com-
   mitted to the custody of the Department of Social Services. His
   probation was subsequently revoked following his conviction of
   two felonies punishable by imprisonment of more than one
   year, and he was resentenced to the mandatory sentence of life
   imprisonment without parole for the original conviction. He
   appealed.

   The Court of Appeals *held:*

   1. Revocation of probation in the absence of a written order
   of probation did not deprive the defendant of due process. MCR
   6.931(E)(4) permits findings of fact and conclusions of law
   forming the basis for juvenile probation to be incorporated in a
   written opinion or, as in this case, stated on the record. Addi-
   tionally, the order of conviction and sentence, the judgment of
   sentence, and the summary of the juvenile dispositional hear-
   ing indicated the defendant's commitment to the DSS, and
   commitment of a juvenile to state wardship must be accompa-
   nied by juvenile probation pursuant to MCR 6.931(E)(3),(4), and
   (F).

   2. Revocation of probation in the absence of advice by the
   trial court at the original sentencing that, pursuant to MCR
   6.931(F)(2), subsequent conviction of a felony or a misdemeanor
   punishable by more than one year's imprisonment would result
   in the revocation of juvenile probation and in the imposition of
   a sentence of imprisonment at resentencing deprived the defen-
   dant of due process.

   Revocation of probation and sentence of life imprisonment
   vacated.

### REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Chil-
    dren § 55.
Procedural requirements under Federal Constitution in juvenile
    delinquency proceedings—federal cases. 25 L Ed 2d 950.

1. SENTENCES — JUVENILE PROBATION.

   Findings of fact and conclusions of law forming the basis of juvenile probation may be incorporated in a court's written opinion or stated on the record (MCR 6.931[E][4]).

2. SENTENCES — JUVENILE PROBATION — REVOCATION.

   A court imposing a sentence of juvenile probation must advise the juvenile that subsequent conviction of a felony or a misdemeanor punishable by more than one year's imprisonment will result in the revocation of probation and in the imposition of a sentence of imprisonment at resentencing; revocation of probation and resentencing are precluded in the absence of such advice (MCR 6.931[F][2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Lora Weingarden,* Assistant Prosecuting Attorney, for the people.

*Mueckenheim & Mueckenheim, P.C.* (by *Robert C. Mueckenheim*), for the defendant on appeal.

Before: MARILYN KELLY, P.J., and SHEPHERD and L. P. BORRELLO,* JJ.

PER CURIAM. Defendant appeals as of right from a September 13, 1991, sentence of life imprisonment imposed by the trial court after finding that defendant had violated the terms of his probation. We reverse.

Defendant was charged originally with possession with intent to deliver 650 grams or more of cocaine, MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). Because this offense was punishable by mandatory life imprisonment, the case was automatically waived to Detroit Recorder's Court pursuant to MCL 725.10a(1)(c); MSA 27.3950(1)(1)(c). Defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant waived his right to a jury trial and was found guilty by the trial court on February 15, 1989. At a subsequent sentencing hearing held on March 16, 1989, the trial court decided to sentence defendant as a juvenile rather than as an adult. Defendant was sixteen years of age at the time. The trial court made the following statements and dispositional rulings during the sentencing hearing:

> The Court feels given the seriousness of the offense in this case, Mr. Stanley's prior history and involvement with narcotic [sic], and the significant amount of narcotics involved in this case that punishment should really be of [sic] significant part of the defendant's treatment. So it's the recommendation of the Court that the minor initially be placed in a treatment program, that is one of high custody which would be a long-term training school. The Court makes that recommendation to the Department of Social Services. The record should reflect that there is an annual review process that the Court will be involved in and it is possible to have that custody situation changed but for the time being the Court is initially recommending the high custody placement.
>
> \* \* \*
>
> In my final decision it's the Court's recommendation that the defendant be committed as a juvenile on probation until he is 21 years of age.
>
> \* \* \*
>
> All right in case there is any confusion about the placement order, it's the Court's intention and decision to have the defendant be in a high custody setting until he is 21 years of age as opposed to being placed on probation in the community.

Thus, in essence, defendant was sentenced to serve a probationary term of a maximum of five years, or until he turned twenty-one years of age, in a

high-custody setting with the Michigan Department of Social Services.

Later, when defendant failed to return to the Green Oak Center following a holiday release, an apprehension order and truancy notification was issued for defendant on November 28, 1989. After defendant was apprehended, he was implicated in another drug offense. On April 1, 1991, defendant was convicted of possession of less than twenty-five grams of cocaine and possession with intent to deliver less than fifty grams of cocaine.

On June 27, 1991, a petition and bench warrant were issued for defendant for violating the terms of his probation in the instant case. Defendant moved to dismiss the petition and bench warrant, but the motion was denied on August 9, 1991. Defendant was subsequently resentenced to the mandatory life term without parole for violating his probation by committing felonies punishable by imprisonment of more than one year. Defendant appeals as of right from the denial of his motion to dismiss the petition and bench warrant, as well as his sentence following the probation violation.

I

First, defendant argues that he was denied due process when the trial court revoked probation because the trial court never entered a written order placing him on probation. Defendant acknowledges that the trial court orally ordered him to serve five years on juvenile probation, but argues that the lack of a written order of probation makes the oral order ineffective.

We note at the outset that MCR 6.931(E)(4) provides in relevant part that the trial court's "findings and conclusions may be incorporated in a written opinion or stated on the record." As such,

the court rule contradicts defendant's argument that the court's oral decision to place him on juvenile probation was ineffective in the absence of a written order. As noted above, it is not disputed in the present case that the trial court orally ordered that defendant be placed on juvenile probation.

Our review of the record indicates that there are three documents pertaining to defendant's original sentence. The first document is an order of conviction and sentence. That order indicates that on March 16, 1989, defendant was sentenced by the court to be committed to the Michigan Department of Social Services, and therein confined for a term of not less than five years or until his twenty-first birthday. The recommendation section indicates "High Custody - long term[.] Annual Report." While the written order does not specifically indicate defendant's probationary status, it is clear from defendant's commitment to the DSS, along with the trial court's oral order, that the trial court intended to place defendant on juvenile probationary status.

The second document pertaining to defendant's sentence is the judgment of sentence. It appears that the trial court made a clerical error by using a standard form without amending the form to fit defendant's sentence. In particular, the judgment of sentence indicates defendant's commitment to the corrections department rather than the DSS. However, there are other notations on the document indicating defendant's commitment to the DSS. For example, a typewritten addition to the judgment under the recommendation section reads as follows:

High custody - long term. Annual report. Michigan Department of Social Services.

Further, an amendment at the top of the form indicates that the third copy of the form was for the probation department. Thus, while the document does not specifically order probation, there are other notations that signify the trial court's intent to place defendant on juvenile probation.

A third document summarizing the results of the "juvenile disposition hearing" indicates that the trial court committed defendant to the DSS, recommending high custody until defendant's twenty-first birthday. The form provided the court with the option of checking one of two boxes under the section concerning the court's findings. One choice reads "Placing the juvenile on probation and commitment pursuant to 1974 P.A. 150."[1] The other choice reads "Imposition of sentence as provided by law for an adult offender." While it is clear from the transcript of the sentencing hearing that the trial court did not choose to sentence defendant as an adult, neither of the two boxes was checked. Nevertheless, while the form does not specifically indicate defendant's probationary status, defendant's commitment to the DSS reflects the trial court's intent to place defendant on juvenile probation.

MCR 6.931(E)(3) and (4) indicate that a trial court has two options when sentencing a juvenile: either sentence the juvenile as an adult, or place the juvenile on probation and commit the juvenile to state wardship.[2] Further, MCR 6.931(F) indicates that if a court does not sentence the juvenile

---

[1] 1974 PA 150, the Youth Rehabilitation Services Act, has been codified at MCL 803.301 et seq.; MSA 25.399(51) et seq.

[2] MCR 6.931(E)(3) provides as follows in relevant part:

Criteria. The court shall consider the following criteria in determining whether to impose a sentence against the juvenile as though an adult offender or whether to place the juvenile on juvenile probation and commit the juvenile to state wardship, giving each weight as appropriate to the circumstances . . . .

as an adult, then commitment of the juvenile to state wardship is accompanied by juvenile probation.[3] Thus, whenever a trial court sentences a juvenile to state wardship, there is an implicit understanding that the sentence also includes placing the juvenile on juvenile probation for the duration of the commitment.

Thus, after consideration of (1) the trial court's oral order placing defendant on juvenile probation; (2) the court documents that imply juvenile probation through the details of the juvenile commitment; and (3) the language of MCR 6.931(E)(3) and (4), and MCR 6.931(F), which presumes juvenile probation in such a case, we conclude that the trial court effectively placed defendant on juvenile probation. Accordingly, pursuant to MCR 7.216(A) (1) and (4), we order that the lower court record be amended to reflect that defendant was in fact placed on juvenile probation for the original offense of possession with intent to deliver 650 grams or more of cocaine.

II

Next, defendant argues that he was denied due process because the trial court failed to advise him of the conditions of his probation. We agree with

MCR 6.931(E)(4) provides as follows:

> Findings. The court must make findings of fact and conclusions of law forming the basis for the juvenile probation and commitment decision or the decision to sentence the juvenile as though an adult offender. The findings and conclusions may be incorporated in a written opinion or stated on the record.

[3] MCR 6.931(F) provides as follows in relevant part:

> Postjudgment Procedure; Juvenile Probation and Commitment to State Wardship. If the court retains jurisdiction over the juvenile, places the juvenile on juvenile probation, and commits the juvenile to state wardship, the court shall comply with subrules (1) through (11) . . . .

defendant and vacate the trial court's decision to revoke probation.

As a general proposition, due process requires that a probationer be given prior notice of the conditions of probation before a court may revoke probation for failure to meet those conditions. *People v Bruce,* 102 Mich App 573, 578; 302 NW2d 238 (1980). This is especially important where the probationer is a juvenile, who cannot be expected to understand the terms of probation without an explanation by the court. The Michigan Supreme Court recognized the importance of notifying juvenile probationers of the terms of their probation with the adoption of MCR 6.931(F)(2), which provides as follows:

> The court shall advise the juvenile at sentencing that if the juvenile, while on juvenile probation, is convicted of a felony or a misdemeanor punishable by more than one year's imprisonment, the court must revoke juvenile probation and sentence the juvenile to a term of years in prison not to exceed the penalty that might have been imposed for the offense for which the juvenile was originally convicted.

In the present case, it is undisputed that the trial court did not advise defendant of the terms of his probation in accordance with MCR 6.931(F)(2). The court rule is very clear, and exists to ensure that juvenile offenders receive due process of law. Because the trial court did not follow the clear dictates of MCR 6.931(F)(2) in the present case, we can only conclude that defendant was not afforded due process.

We vacate the trial court's decision to revoke probation and to impose a sentence of life imprisonment. Defendant's remaining issues are moot in light of our decision.