*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOHN EDWARD RAY,

Defendant-Appellant.

UNPUBLISHED
September 14, 2023

No. 362856
Berrien Circuit Court
LC No. 2019-002179-FH

Before: SWARTZLE, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

Defendant pleaded guilty to operating a motor vehicle while intoxicated (OWI) under MCL 257.625(1)(b), third offense, pursuant to MCL 257.625(9)(c)(*i*). The trial court initially sentenced defendant to 36 months of probation, but after defendant repeatedly violated the terms of his probation, the trial court revoked defendant's probation and sentenced defendant to serve a minimum of 24 months in prison. Defendant now appeals by leave granted.[1] We affirm.

In June 2019, defendant's girlfriend reported to police that defendant was driving her vehicle while intoxicated. An officer responding to the call saw defendant driving erratically and subsequently arrested him. In exchange for defendant's pleading guilty to OWI, third offense, the prosecutor agreed to dismiss charges for operation of a motor vehicle with a suspended license, MCL 257.904(1), and possession or transportation of an open alcoholic container in a vehicle, MCL 257.624a(1). The trial court sentenced defendant to jail time, followed by three years of probation. A year into his probation, defendant committed the crime of malicious destruction of property, but the trial court allowed defendant to continue his probation with time served. In June 2021, defendant again violated his probation when he committed the crime of domestic violence, second offense, MCL 750.81(2).

---

[1] *People v Ray*, unpublished order of the Court of Appeals, entered October 19, 2022 (Docket No. 362856).

After defendant pleaded guilty to both domestic violence and his probation violation, the trial court revoked defendant's probation and sentenced him for OWI, third offense, to a minimum of 24 months in prison. Defendant moved for resentencing and argued that the trial court failed to order an updated presentence investigation report (PSIR) when it sentenced him after his probation revocation. The trial court denied this motion, and this appeal followed.

Defendant argues that he should be resentenced because the trial court did not consider his PSIR at his resentencing and did not order a reasonably updated PSIR for his resentencing. It is true that when a defendant is sentenced for a felony, the Department of Corrections is required to complete a PSIR and submit that report to the trial court in writing. See MCL 771.14(1) and MCR 6.425(A)(1). If a defendant is resentenced, the trial court "is to utilize an updated [PSIR]." *People v Triplett*, 407 Mich 510, 516; 287 NW2d 165 (1980). The same rule applies to "sentencing after revocation of probation." *People v Bruce*, 102 Mich App 573, 580; 302 NW2d 238 (1980). However, the lack of a comprehensively updated PSIR does not necessarily entitle a defendant to resentencing. In *People v Odom*, 327 Mich App 297, 313; 933 NW2d 719 (2019), this Court explained that "when it comes to sentencing, it is not particularly important how the information gets before the trial court; rather, it is important that the trial court have the relevant information available for sentencing." See also *People v Hemphill*, 439 Mich 576, 582; 487 NW2d 152 (1992) (explaining that "the manner in which the pertinent facts are compiled is not as crucial as is the content or accuracy of this information after it reaches the hands of the trial judge"). Thus, in *Odom*, the fact that certain information was not presented to the trial court in an updated PSIR did not entitle the defendant to resentencing because the disputed information was presented to the trial court through other means, which "alleviate[d] any concern that inaccurate or incomplete information hampered the trial court's sentencing decision." *Odom*, 327 Mich App at 313-314.

The same is true here—the trial court had before it all the information that was relevant to defendant's sentencing. On appeal, defendant contends that an updated PSIR would have informed the trial court about defendant's "abstention from alcohol while on probation," that he never tested positive for alcohol while on probation, that he completed a total of 150 days on a Secure Continuous Remote Alcohol Monitor, that he was attending AA and NA classes, that he was completing community service, and that he had plans of moving to Texas. Yet the record reflects that all of this information was presented to the trial court through other means, namely a report drafted by defendant's probation agent, statements made by that agent at defendant's resentencing hearing, and statements made by both defendant and his attorney at the resentencing hearing. Thus, while defendant is correct that certain information was not delivered to the trial court through an updated PSIR, the record reflects that the information was nevertheless provided to the trial court. This "alleviates any concern that inaccurate or incomplete information hampered the trial court's sentencing decision." *Id*. at 313-314. Accordingly, defendant is not entitled to resentencing.

Affirmed.

/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney