## In re KIRKWOOD

Docket No. 124577. Submitted January 8, 1991, at Grand Rapids. Decided February 20, 1991, at 9:00 A.M.

The Department of Social Services filed a petition in the Kent County Probate Court, charging Lisa Welch with neglect of her minor child, Shayna Kirkwood. Following a hearing, the child was made a temporary ward of the court and placed in the care of the respondent's mother. After a permanency planning hearing, the court determined that returning the child to the respondent would pose a substantial risk of harm to the child. The DSS filed a supplemental petition for termination of parental rights more than forty-two days after the permanency planning hearing. The court, Randall J. Hekman, J., granted the petition. The respondent appealed.

The Court of Appeals *held:*

1. MCL 712A.19a(5); MSA 27.3178(598.19a)(5) and MCR 5.974(F)(1)(a) require that a petition for termination of parental rights following a permanency planning hearing be filed no later than forty-two days after the hearing, unless it can be demonstrated that initiating termination proceedings clearly would not be in the child's best interest. However, neither the statute nor the court rule provides a sanction for a violation of this filing requirement. Accordingly, dismissal of the case or setting aside the termination order was not warranted.

2. The respondent was not denied her due process rights. The failure to meet the filing requirement did not divest the probate court of jurisdiction of the case, and the respondent was provided a full hearing before the termination of her parental rights.

Affirmed.

PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — SUPPLEMENTAL PETITIONS.

A petition for termination of parental rights following a perma-

REFERENCES

Am Jur 2d, Parent and Child §§ 34, 35.

See the Index to Annotations under Abandonment of Person; Terminination of Parental Rights.

nency planning hearing must be filed no later than forty-two days after the hearing; however, the late filing of such a petition, of itself, will not cause the dismissal of the case or the setting aside of a termination order on appeal (MCL 712A.19a[5]; MSA 27.3178[598.19a][5], MCR 5.974[F][1][a]).

*William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *Helen V. Brinkman,* Assistant Prosecuting Attorney, for the petitioner.

*Wheeler, Upham, Bryant & Uhl, P.C.* (by *Duane J. Beach*), for the respondent.

Before: GILLIS, P.J., and MACKENZIE and WEAVER, JJ.

PER CURIAM. Respondent Lisa Welch appeals as of right from an order terminating her parental rights to Shayna Kirkwood (born December 19, 1985), pursuant to MCL 712A.19b(3)(a)(ii), (c)(i), and (d); MSA 27.3178(598.19b)(3)(a)(ii), (c)(i), and (d). While the order also terminated the rights of John Kirkwood, he is not a party to this appeal. We affirm.

The neglect petition filed in this case reads, in pertinent part:

Said child comes within the provisions of Section 2(b)(2) of the Juvenile Code in that her home or environment by reason of neglect on the part of a parent is an unfit place for such child to live in, to-wit: During the past year Lisa Welch has neglected to provide a stable home for herself and said child. She has lived with friends, with her boyfriend in a car and on occasion with her mother, Vivian McGowan. Lisa has left Shayna with Mrs. McGowan for several days at a time without providing adequately for her needs. Lisa's ADC case was closed in May of 1988 because she could not be located. The Department of Social

Services has attempted to help Lisa stabilize her situation. However, Lisa has not participated in the Bethany in-home program. She has been arrested again and is presently incarcerated on a charge of malicious destruction of property.

At a November 9, 1988, adjudicative hearing, respondent admitted these allegations. Shayna was made a temporary ward of the court and ordered placed in the home of Vivian McGowan, respondent's mother. On February 8, 1989, a supplemental petition for voluntary termination of parental rights was authorized to be filed. At a March 17, 1989, hearing, the authorized petition was held in abeyance for review on May 4, 1989. The hearing scheduled for May 4, 1989, was adjourned to June 20, 1989, to be conducted as a permanency planning hearing.

The June 20 permanency planning hearing resulted in an order in which the court found that the return of Shayna to respondent would cause a substantial risk of harm to the child, and that D.A. Blodgett Services intended to initiate termination proceedings on behalf of the Department of Social Services.

A supplemental petition for termination of parental rights was submitted to the court on August 7, 1989, forty-eight days after the permanency planning hearing. The supplemental petition was authorized for filing on September 8, 1989, eighty days after the permanency planning hearing.

The termination hearing on the supplemental petition was held on October 12, 1989. At the beginning of the hearing, respondent argued that the court was without jurisdiction because termination proceedings were initiated more than forty-two days after the June 20, 1989, permanency planning hearing, in violation of MCR 5.974(F)(1).

The court determined that the petition was filed on August 8, 1989, when it was submitted for authorization, and further determined that it would thwart the purpose of the juvenile code governing termination proceedings to delay the process. Testimony was then taken, and respondent's parental rights were ordered terminated.

On appeal, respondent argues that the failure to comply with certain time guidelines for filing termination petitions requires that the order of termination be set aside. MCL 712A.19a(5); MSA 27.3178(598.19a)(5) provides:

> If the court determines at a permanency planning hearing that the child should not be returned to his or her parent, the agency shall initiate proceedings to terminate parental rights to the child not later than 42 days after the permanency planning hearing, unless the agency demonstrates to the court that initiating the termination of parental rights to the child is clearly not in the child's best interests.

MCR 5.974(F)(1)(a) provides:

> The supplemental petition for termination of parental rights shall be filed no later than 42 days after a dispositional review hearing or permanency planning hearing where the court has initially determined that the child should not be returned to the parent and the agency has failed to demonstrate that initiating termination proceedings is not clearly in the child's best interest.

The forty-two-day period mandated by the statute and court rule was not met in this case.

The issue before us is whether the termination order must be set aside because the forty-two-day requirement was not met. While the statute and court rule both require that the time limits be

met, neither provides any sanction for such a violation, and we decline to add any sanction which the Legislature and the Supreme Court declined to provide. See *Smith v Ruberg,* 167 Mich App 13, 16; 421 NW2d 557 (1988). Such a procedural defect, standing alone, will not cause us to dismiss the case or set aside the termination order.

However, respondent claims that the procedural defect resulted in a violation of her due process rights. Due process requires that there be jurisdiction over the respondent and subject matter of the litigation and that the respondent be afforded notice of the nature of the proceedings and an opportunity to be heard. *In re Slis,* 144 Mich App 678, 683; 375 NW2d 788 (1985). We conclude that the failure to meet the forty-two-day requirement in this case did not divest the court of jurisdiction to continue to hear the matter. See *Krajewski v Krajewski,* 420 Mich 729, 733-734; 362 NW2d 230 (1984). Further, respondent was provided a full hearing and an opportunity to be heard before the termination of her parental rights. Respondent's due process rights were not violated in this case.

Affirmed.