PEOPLE v HAZZARD

Docket No. 156978. Submitted May 10, 1994, at Detroit. Decided
September 6, 1994, at 9:55 A.M.

Damion Hazzard, a juvenile, pleaded guilty in the Recorder's
Court of Detroit, Warfield Moore, Jr., J., of two counts of first-
degree criminal sexual conduct and was sentenced as an adult
to concurrent prison terms of twenty-two to forty years. The
defendant appealed, arguing that the sentences must be set
aside because the trial court failed to make specific findings of
fact with respect to the statutory factors of MCL 769.1(3); MSA
28.1072(3) that must be considered in determining whether to
sentence a juvenile as an adult.

The Court of Appeals *held:*

The trial court was required by court rule, MCR 6.931(E)(4),
to make specific findings concerning each of the requisite
statutory factors before determining to sentence the defendant
as an adult. Because it does not appear that the trial court
attempted to weigh the relevant factors in any meaningful way
at the sentencing hearing, the court abused its discretion in
determining to sentence the defendant as an adult. The sen-
tences must be reversed, and the matter must be remanded for
further proceedings before a different judge to determine
whether to sentence the defendant as a juvenile or as an adult.

Reversed and remanded.

CRIMINAL LAW — JUVENILES — SENTENCING — FINDINGS OF FACT.

A sentencing court in determining whether to sentence a juvenile
as an adult must make specific findings of fact concerning the
statutory factors that are required to be considered before
sentencing a juvenile as an adult and must weigh the relevant
factors in a meaningful way (MCL 769.1[3],[5]; MSA
28.1072[3],[5]; MCR 6.931[E][3],[4]).

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES

Am Jur 2d, Criminal Law, § 603; Juvenile Courts and Delinquent
and Dependent Children, §§ 8-12.

Possibility of rehabilitation as affecting whether juvenile offender
should be tried as adult. 22 ALR4th 1162.

*Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Randy E. Davidson*), for the defendant on appeal.

Before: MARILYN KELLY, P.J., and SHEPHERD and L. P. BORRELLO,* JJ.

SHEPHERD, J. Defendant, a juvenile, pleaded guilty in the trial court to two counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), in exchange for the dismissal of an additional charge of first-degree criminal sexual conduct and a charge of armed robbery. Defendant was sentenced as an adult to twenty-two to forty years' imprisonment for each offense, to run concurrently. We reverse defendant's sentences and remand for further proceedings.

Defendant's sole argument on appeal is that the trial court failed to make specific findings of fact as required under MCR 6.931(E)(4),[1] concerning each of the statutory factors outlined in MCL 769.1(3); MSA 28.1072(3),[2] for determining whether to sentence him as an adult. After reviewing the record of the sentencing hearing, we agree with defendant's position.

MCL 769.1(3); MSA 28.1072(3) requires trial courts to consider the following criteria when determining whether to sentence a juvenile offender as an adult:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 769.1(5); MSA 28.1072(5) contains language similar to that in MCR 6.931(E)(4), also requiring specific findings on each of the factors.

[2] See also MCR 6.931(E)(3), which mirrors the factors listed in MCL 769.1(3); MSA 28.1072(3) for determining whether to sentence a juvenile as an adult.

(a) The prior record and character of the juvenile, his or her physical and mental maturity, and his or her pattern of living.

(b) The seriousness and the circumstances of the offense.

(c) Whether the offense is part of a repetitive pattern of offenses which would lead to 1 of the following determinations:

(i) The juvenile is not amenable to treatment.

(ii) That despite the juvenile's potential for treatment, the nature of the juvenile's delinquent behavior is likely to disrupt the rehabilitation of other juveniles in the treatment program.

(d) Whether, despite the juvenile's potential for treatment, the nature of the juvenile's delinquent behavior is likely to render the juvenile dangerous to the public if released at the age of 21.

(e) Whether the juvenile is more likely to be rehabilitated by the services and facilities available in adult programs · and procedures than in juvenile programs and procedures.

(f) What is in the best interests of the public welfare and the protection of the public security.

The trial court in the present case did not make detailed findings concerning each statutory factor. Rather, the trial judge engaged in a rather lengthy diatribe at sentencing—comparing his own upbringing with defendant's.[3] While it does appear that the trial judge made a number of piecemeal findings that were potentially relevant to the statutory criteria, the trial court did not make complete, detailed findings with respect to each of the requisite factors as required under MCR 6.931(E)

[3] While a certain amount of personal reflection may be interesting and even potentially helpful to a full articulation of findings under the requisite factors, we would discourage the trial court from embarking upon such a lengthy autobiography in the future. Our review of the record reveals that much of the trial court's discussion is composed of irrelevant personal information, which is not conducive to the efficient administration of justice.

(3) and (4) and MCL 769.1(3) and (5); MSA 28.1072(3) and (5). It does not appear from the record that the trial court attempted to weigh the relevant factors in any meaningful way at the sentencing hearing. Accordingly, the trial court's decision to sentence defendant as an adult constituted an abuse of discretion. *People v Passeno*, 195 Mich App 91, 103-104; 489 NW2d 152 (1992).

In sum, we are not satisfied with the trial court's findings concerning whether defendant should be sentenced as an adult. MCR 6.931(E)(3) and (4) and MCL 769.1(3) and (5); MSA 28.1072(3) and (5).

We reverse defendant's sentences and remand for further proceedings before a different judge, *People v Evans*, 156 Mich App 68, 72; 401 NW2d 312 (1986), to determine whether defendant should be sentenced as a juvenile or as an adult. We do not retain jurisdiction.