PEOPLE v VALENTIN

Docket No. 170428. Submitted June 20, 1996, at Detroit. Decided December 13, 1996, at 9:05 A.M. Leave to appeal sought.

Anthony Valentin, a minor over whom probate court jurisdiction was automatically waived, pleaded guilty in the Detroit Recorder's Court, Dalton A. Roberson, J., of possession with intent to deliver 650 grams or more of cocaine and was sentenced as a juvenile to probation and made a ward of the state until age twenty-one. While on probation and on parole for other offenses, Valentin was arrested for, and subsequently convicted of, carrying a concealed weapon. The Recorder's Court revoked Valentin's probation for violating its terms by sustaining a conviction during probation and resentenced him to life imprisonment without parole. Valentin appealed.

The Court of Appeals held:

1. An oral warning by the Recorder's Court that the defendant would be resentenced to life imprisonment upon violating a term of probation and the statement of the terms and conditions of probation in the order of probation sufficiently informed the defendant of the ramifications of a subsequent conviction. Valentin's claim that he was denied due process because the Recorder's Court failed to inform him of the conditions of probation at his original sentencing is without merit.

2. The failure of the Recorder's Court to conduct a commitment review hearing within forty-two days of Valentin's nineteenth birthday pursuant to MCR 6.937 and MCL 769.1b(1); MSA 28.1073(1)(1) did not deprive the Recorder's Court of jurisdiction to revoke probation. The court rule and the statute do not provide for loss of jurisdiction as a sanction for the failure to conduct a hearing. A sentencing court retains jurisdiction to revoke probation if probation revocation proceedings are commenced within the probation period and are pending when it expires.

3. The failure of the Recorder's Court to make specific findings regarding the factors listed in MCL 769.1(3); MSA 28.1072(3) concerning whether Valentin should be sentenced as an adult or as a juvenile following the revocation of probation does not require that the revocation of probation be vacated. Sentencing as a juvenile

was not an available option. A court that sentences a juvenile to probation and subsequently finds that the juvenile has violated probation by being convicted of a felony or a misdemeanor punishable by more than one year of imprisonment must, pursuant to MCL 771.7(1); MSA 28.1137(1) and MCR 6.933(B)(1), revoke probation and order the juvenile committed to the Department of Corrections for a term of years that shall not exceed the penalty that could have been imposed for the offense for which the juvenile was originally convicted and placed on probation.

4. MCL 771.7(1); MSA 28.1137(1) and MCR 6.933(B)(1) require a sentence for a term of years rather than the sentence of life imprisonment that was imposed. Both the statute and the court rule unambiguously provide for commitment to the Department of Corrections for a term of years. In terms of sentencing, life imprisonment and imprisonment for a term of years are mutually exclusive concepts. MCL 771.7(1); MSA 28.1137(1) and MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i), the statute providing for life imprisonment without parole for cocaine convictions involving 650 grams or more of the substance, are consistent and do not give rise to any implications of implied repeal. In several other statutes, the Legislature has provided for differences in the treatment of juveniles placed on probation and committed to a state institution or agency and of other offenders. In particular, the Legislature in MCL 771.4; MSA 28.1134 has provided that if a probation order is revoked, a court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made, except where the probationer is a juvenile committed under MCL 769.1(3) or (4); MSA 28.1072(3) or (4) to a state institution or agency. The anomaly that stems from the fact that a juvenile sentenced as an adult under MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i) must be imprisoned for life without parole while a juvenile sentenced as a juvenile for the same offense may receive a sentence of probation and may be resentenced only to a term of years upon the revocation of probation does not justify a judicial construction of MCL 771.7(1); MSA 28.1137(1) and MCR 6.933(B)(1) that contravenes their unambiguous requirement that a sentence for a term of years be imposed upon the revocation of juvenile probation.

Probation revocation affirmed; case remanded for resentencing.

JANSEN, P.J., dissenting in part, stated that Valentin could be resentenced to life imprisonment without parole following revocation of probation. MCL 771.7(1); MSA 28.1137(1), in requiring that a probationer be resentenced to a term of years not exceeding the penalty that could have been imposed originally, does not preclude

a sentence of life imprisonment where, as here, such penalty is mandated by the statute governing the offense.

1. SENTENCES — PROBATION — REVOCATION — JUVENILES.

A trial court that convicts a minor of a criminal offense and sentences the minor as a juvenile to probation does not lose jurisdiction to revoke probation when it fails to conduct a commitment review hearing required by court rule and statute (MCR 6.937; MCL 769.1b[1]; MSA 28.1073[1]).

2. SENTENCES — CONTROLLED SUBSTANCES — JUVENILES — LIFE IMPRISONMENT — PROBATION — REVOCATION.

A minor who is tried as an adult for a controlled substance offense punishable by life imprisonment without parole and is sentenced as a juvenile to probation may be resentenced following revocation of probation to only a term of years, not to life imprisonment (MCL 333.7401[2][a][i], 771.7[1]; MSA 14.15[7401][2][a][i], 28.1137[1]; MCR 6.933[B][1]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Jeffrey Caminsky*, Assistant Prosecuting Attorney, for the people.

*Christoph & Newman, P.C.* (by *David Newman*), for the defendant on appeal.

Before: JANSEN, P.J., and REILLY and M. E. KOBZA,* JJ.

REILLY, J. Defendant appeals as of right from the decision to revoke his juvenile probation and sentence him to a term of life imprisonment without the possibility of parole for possession with intent to deliver 650 grams or more of cocaine, MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). We affirm the order revoking probation, but remand for resentencing.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant was charged with possession with intent to deliver 650 grams or more of cocaine and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), stemming from an incident that occurred on January 9, 1989, in Detroit.[1] Defendant was sixteen years old at the time of the offense. Therefore, pursuant to MCL 764.1f; MSA 28.860(6) and MCL 725.10a(1)(c); MSA 27.3950(1)(1)(c), the case was automatically waived to Detroit Recorder's Court. Defendant pleaded guilty of the possession with intent to deliver charge. The prosecutor and defense counsel recommended that Judge Dalton Roberson sentence defendant as a juvenile. The prosecutor told the court that defendant also had two cases for sentencing by another judge. On January 11, 1990, the court placed defendant on probation and committed him to state wardship until age twenty-one. On the same day, in the other cases, defendant was sentenced to terms of one to twenty years of imprisonment.

On September 11, 1991, while defendant was still serving his sentences for the other offenses, defendant appeared before Judge Roberson for a "de-escalation hearing." Judge Roberson was informed that defendant would soon be eligible for parole from the adult penal system. At the recommendation of the Department of Social Services, the trial court amended its order of juvenile probation so that defendant would be released into the custody of his parents in the event he was granted parole on the

---

[1] The facts of the incident are described in the Supreme Court's opinion in *People v Torres*, 452 Mich 43; 549 NW2d 540 (1996), a case involving one of defendant's accomplices.

other sentences. On November 22, 1991, defendant was paroled.

Four months later, defendant was arrested for carrying a concealed weapon. Although he initially pleaded guilty of the offense, defendant withdrew his plea and was ultimately convicted of carrying a concealed weapon in a motor vehicle, MCL 750.227(2); MSA 28.424(2). Pursuant to MCL 771.7; MSA 28.1137, Judge Roberson revoked defendant's juvenile probation for the possession with intent to deliver conviction and sentenced him to life imprisonment without parole.

Defendant contends that the trial court was required under MCR 6.931(F)(2) to inform him of the conditions of his probation at the time he was originally sentenced, that the trial court failed to do so, and that he was denied due process as a result of that failure. MCR 6.931(F)(2) provides:

> The court shall advise the juvenile at sentencing that if the juvenile, while on juvenile probation, is convicted of a felony or a misdemeanor punishable by more than one year's imprisonment, the court must revoke juvenile probation and sentence the juvenile to a term of years in prison not to exceed the penalty that might have been imposed for the offense for which the juvenile was originally convicted.

A defendant who is not advised of the ramifications of a subsequent conviction is not afforded due process and cannot thereafter have his juvenile probation revoked for the failure to comply with this condition of probation. *People v Stanley*, 207 Mich App 300, 307; 523 NW2d 892 (1994).

We conclude that the warning given by the court and the notice of the conditions of probation provided by the order of probation afforded defendant

due process. In the present case, the trial court told
the defendant, "Young man if you should violate then
I will have to bring you back and sentence you to a
mandatory life imprisonment." Addressing defense
counsel, the court said, "I advised him that if he vio-
lated the probation that he would be brought back as
an adult. Do you understand that Mr. Howard?" The
order of probation entered by the court, which was
signed by defendant on the date of sentencing, stated
three conditions of defendant's probation, including
that he not "violate any criminal law of any unit of
government." Unlike the defendant in *Stanley*,
defendant in this case was informed of the conditions
of probation when he was sentenced and was on
notice that violation of those conditions would result
in incarceration.

Defendant also contends that the court erroneously
denied his motion to dismiss in which defendant
argued that the Recorder's Court was required under
MCR 6.937 to conduct a commitment review hearing
within forty-two days before his nineteenth birthday,
the court failed to conduct such a hearing, and as a
result lost jurisdiction over him. MCR 6.937 provides:

> (A) Required Hearing. When a juvenile has been placed
> on probation and committed to state wardship, the court
> must schedule a commitment review hearing to be held
> within 42 days before the juvenile attains age 19 unless
> adjourned for good cause.

> *        *        *

> (3) Findings; Criteria. Before the court continues the
> jurisdiction over the juvenile until age 21, the prosecutor
> must demonstrate by a preponderance of the evidence that
> the juvenile has not been rehabilitated or that the juvenile
> presents a serious risk to public safety.

Similarly, MCL 769.1b(1); MSA 28.1073(1)(1) provides:

> If a juvenile is placed on probation and committed under section 1(3) or (4)[2] of this chapter to a state institution or agency . . . the court shall conduct a review hearing to determine whether the juvenile has been rehabilitated and whether the juvenile presents a serious risk to public safety. If the court determines that the juvenile has not been rehabilitated or that the juvenile presents a serious risk to public safety, jurisdiction over the juvenile shall be continued
> . . . .

According to defendant's argument, the statute and the court rule indicate that jurisdiction expires when a defendant is nineteen unless a commitment review hearing is held and the court decides to continue jurisdiction until a defendant turns twenty-one. The prosecutor concedes that a commitment review hearing was not held, but argues that the failure to hold the hearing did not deprive the court of jurisdiction.

Although the failure to hold a commitment review hearing violated the statute and the court rule, we conclude that the trial court had jurisdiction to revoke defendant's probation.

> Michigan courts have traditionally held that the sentencing court retains jurisdiction to revoke a defendant's probation if probation revocation proceedings are commenced within the probation period and are pending when it expires. [*People v Ritter*, 186 Mich App 701, 706; 464 NW2d 919 (1991).]

In this case, the trial court ordered that defendant's probation be continued until defendant was twenty-one, and revocation proceedings began before the

---

[2] MCL 769.1(3) or (4); MSA 28.1072(3) or (4).

probation period expired. Neither the court rule nor the statute provides a sanction for violation, and we decline to add any such sanction that the Legislature and the Supreme Court declined to provide. *In re Kirkwood*, 187 Mich App 542, 546; 468 NW2d 280 (1991).

Defendant also argues that the sentence imposed following revocation of his probation should be vacated because the court failed to make specific findings regarding each of the statutory factors to determine whether defendant should be sentenced as an adult or as a juvenile. Defendant's reliance on MCL 769.1(3); MSA 28.1072(3) and *People v Hazzard*, 206 Mich App 658; 522 NW2d 910 (1994), is misplaced because the sentence at issue in this case followed revocation of defendant's probation. MCL 771.7(1); MSA 28.1137(1) mandates that the court revoke probation if the court finds that probation was violated with a conviction for a felony or misdemeanor punishable by more than one year of imprisonment. See also MCR 6.933(B)(1). Therefore, upon finding that defendant violated probation by committing a felony, the court was required to sentence defendant to imprisonment. Inasmuch as sentencing as a juvenile was not an option, the trial court was not required to make findings under MCL 769.1(3); MSA 28.1072(3).

Defendant argues that he should be resentenced because MCL 771.7(1); MSA 28.1137(1) and MCR 6.933(B)(1), in this circumstance, require a sentence for a "term of years" rather than the life sentence the court imposed. We agree.

MCL 771.7(1); MSA 28.1137(1) provides:

> If a juvenile placed on probation and committed under section ·1(3) or (4) of chapter IX[3] to a state institution or agency described in the youth rehabilitation services act . . . is found by the court to have violated probation by being convicted of a felony or a misdemeanor punishable by more than 1 year imprisonment, the court shall revoke probation and order the juvenile *committed to the department of corrections for a term of years that shall not exceed the penalty that could have been imposed for the offense for which the juvenile was originally convicted and placed on probation* with credit granted against the sentence for the period of time the juvenile served on probation. [Emphasis added.]

In the absence of ambiguity, our examination of the Legislature's intent does not require us to look further than the language of the statute itself. The prosecution recognizes that a "literal reading" of MCL 771.7(1); MSA 28.1137(1) appears to lend support to defendant's claim, but argues that the Legislature's intent was to authorize the trial court to impose any sentence that would have been proper for the original charge.

> The rules of statutory construction are well established. First and foremost, we must give effect to the Legislature's intent. *Reardon v Mental Health Dep't*, 430 Mich 398, 407; 424 NW2d 248 (1988). If the language of a statute is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27; 528 NW2d 681 (1995). [*Tryc v Michigan Veterans' Facility*, 451 Mich 129, 136; 545 NW2d 642 (1996).]

Thus, if the statute is clear, it is inappropriate for us to speculate regarding the probable intent of the Leg-

---

[3] MCL 769.1(3) or (4); MSA 28.1072(3) or (4).

islature. *Lorencz v Ford Motor Co*, 439 Mich 370, 376;
483 NW2d 844 (1992).

MCL 771.7(1); MSA 28.1137(1) is not ambiguous
and its plain meaning does not authorize the imposi-
tion of a life sentence. In an attempt to reconcile the
life sentence that was imposed in this case with MCL
771.7(1); MSA 28.1137(1), the prosecution argues that
the Legislature's use of the phrase "term of years" in
the statute is ambiguous. "[A] life sentence is, after
all, no more than an indeterminate term of years,
which will vary depending upon the age and lifetime
of the offender." We reject the prosecution's effort to
create an ambiguity where none exists. In regard to
sentencing, the concepts "life" and "term of years" are
mutually exclusive. *People v Johnson*, 421 Mich 494,·
498; 364 NW2d 654 (1984). "Life" is considered a fixed
sentence; in contrast, "a term of years" is an indeter-
minate sentence. *Id.* at 497. The phrase "life or any
term of years" is frequently repeated in the Penal
Code. There is no basis for an assertion that, in this
particular statute, the Legislature meant the phrase
"term of years" to include a life sentence.[4] To accept
this interpretation we would have to judicially edit
the statute to delete the words, "of years" in MCL
771.7(1); MSA 28.1137(1). The presence of language in
this statute that is incompatible with the imposition
of a life sentence does not mean that the statute is
ambiguous, but rather that its plain meaning pre-

---

[4] The Supreme Court, when drafting the court rules, apparently did not
believe that the Legislature meant to include a life sentence when it
drafted MCL 771.7(1); MSA 28.1137(1). In both MCR 6.931(F)(2) and MCR
6.933(B)(1), the Supreme Court repeated the phrase "term of years" rather
than substituting a term such as "penalty" or "sentence" that does not
indicate that an indeterminate sentence was necessary.

cludes the penalty that the prosecution seeks to uphold in this case.

The doctrine of implied repeal also affords no basis for not enforcing the plain meaning of MCL 771.7(1); MSA 28.1137(1). Where it is clear that a statute conflicts with an earlier-enacted provision, the Legislature is deemed to have repealed the prior statute to the extent of the conflict. *Ballard v Ypsilanti Twp*, 216 Mich App 545, 550; 549 NW2d 885 (1996). Thus, if there was a conflict between MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i) and MCL 771.7(1); MSA 28.1137(1), and MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i) was enacted later, application of the plain meaning of MCL 771.7(1); MSA 28.1137(1) would not be required. However, MCL 771.7(1); MSA 28.1137(1) is consistent with MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i) provides a penalty that is mandatory in the case of an adult offender, but not for a juvenile whom the court decides to sentence as such[5] and not for a juvenile who was initially sentenced to probation for the offense and whose proba-

---

[5] MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i) did not mandate a life sentence for defendant when he was first sentenced for that offense. A life sentence is mandatory for an adult offender. However, different provisions pertain to the sentencing of juveniles. When sentencing a juvenile, the court is required to hold a hearing to determine whether the best interests of the public would be served by placing the juvenile on probation or by imposing any other sentence provided by law for an adult offender. MCL 769.1(3); MSA 28.1072(3). Thus, even in cases where a particular sentence is mandated for an adult offender, the court has the option of placing a juvenile on probation and in the custody of the juvenile offender system. See, e.g., *People v Lyons (On Remand)*, 203 Mich App 465; 513 NW2d 170 (1994). Although this Court has in particular cases found the trial court's decision to sentence an individual as a juvenile to be an abuse of discretion, *id.*, this Court has not suggested that the sentencing court is required to sentence a juvenile as an adult when the juvenile is convicted of a crime for which the Legislature has declared a

tion is thereafter revoked. Furthermore, even if there were an inconsistency, only MCL 333.7401(2)(a)(i), MSA 14.15(7401)(2)(a)(i), as the earlier-enacted statute, could be said to have been repealed to the extent of the conflict with MCL 771.7; MSA 28.1137(1). Thus, the doctrine of implied repeal does not provide a basis for validating the life sentence imposed by the trial court in this case. Rather, the later-enacted statute, MCL 771.7; MSA 28.1137(1), requiring a sentence of a term of years, would be controlling.

We recognize that as written by the Legislature, MCL 771.7(1); MSA 28.1137(1) gives an advantage to juveniles such as defendant who were sentenced within the juvenile offender system and thereafter violated probation that is not given to juveniles who are initially sentenced as adults. When the court sentenced defendant for possession with intent to deliver 650 grams or more of cocaine, the court had two options: (1) placing defendant on probation and committing him "to a state institution or agency described in the youth rehabilitation services act"; or (2) "imposing any other sentence provided by law for an adult offender." MCL 769.1(3); MSA 28.1072(3). Had the court initially chosen the second option, defendant could have been sentenced to life imprisonment under MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). However, the court instead chose to sentence defendant to probation. When defendant violated probation by being convicted of another felony, the court was required to revoke his probation. MCL 771.7(1); MSA 28.1137(1). When the

---

mandatory penalty for adult offenders. The prosecution has not made such an argument in this case.

court sentenced defendant for the violation of his probation, MCL 771.7(1); MSA 28.1137(1) required the court to commit defendant to the Department of Corrections for a term of years. Thus, the life sentence that was available as a penalty had the court initially decided to sentence defendant as an adult was no longer available as a penalty when the court was sentencing defendant following the revocation of probation. One can argue, as the dissent does, that it is "anomalous" that a juvenile defendant who is sentenced as an adult can be imprisoned for life, while a juvenile who is given the benefit of probation and thereafter commits a felony while on probation can only be sentenced to a term of years for the probation violation.[6]

The Legislature intended to treat juveniles who are sentenced within the juvenile offender system differently than other offenders, including juveniles sentenced as adults. Once the court sentenced defendant as a juvenile, i.e., probation, he became part of a cate-

---

[6] The dissent does not mention the anomalous result of a decision that would allow a life sentence for a juvenile offender whose probation is revoked under MCL 771.7(1); MSA 28.1137(1). Pursuant to MCR 6.931(F)(2), the court when initialing sentencing a juvenile to probation must "advise the juvenile at sentencing that if the juvenile, while on juvenile probation, is convicted of a felony or a misdemeanor punishable by more than one year's imprisonment, the court must revoke juvenile probation and sentence the juvenile to a term of years in prison not to exceed the penalty that might have been imposed for the offense for which the juvenile was originally convicted." If we were to accept the prosecution's invitation to judicially edit the statute, a court that strictly complied with the mandate of MCR 6.931(F)(2) would actually be misleading those juveniles sentenced as adults who had been convicted of offenses for which life imprisonment was available. Thus, a juvenile who was warned when placed on probation that the juvenile would face a term of years if the juvenile committed a felony could be surprised to find out that the juvenile was actually facing life imprisonment without the possibility of parole, if the crime for which the juvenile was placed on probation allowed such a penalty for an offender sentenced as an adult.

gory of individuals whom the Legislature has chosen to treat differently than other individuals, including juveniles, who are sentenced as adult offenders. Each of the following statutes contains one or more provisions that distinguishes the treatment of juveniles placed on probation and committed to a state institution or agency from the treatment of other offenders: MCL 769.28; MSA 28.1097(1), MCL 771.1(4); MSA 28.1131(4), MCL 771.2(4); MSA 28.1132(4), MCL 771.2a; MSA 28.1132(1), MCL 771.3; MSA 28.1133, MCL 771.3a(2); MSA 28.1133(1)(2), MCL 771.3c; MSA 28.1133(3), MCL 771.4; MSA 28.1134, MCL 771.5(2); MSA 28.1135(2). Whether the differences in treatment produces results that we find anomalous, the number of provisions that create the distinctions indicates that different treatment afforded to juveniles sentenced within the juvenile offender system was intended by the Legislature.

In one of the statutes listed above as creating different treatment, the Legislature specifically exempted juveniles sentenced within the juvenile offender system from the provisions that apply to probation revocation generally. MCL 771.4; MSA 28.1134 provides in pertinent part as follows:

> If a probation order is revoked, the court may proceed to sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made. *This section does not apply to a juvenile placed on probation and committed under section 1(3) or (4) of chapter IX to a state institution or agency described in the youth rehabilitation services act . . . . [Emphasis added.]*

Thus, a court that is sentencing an individual following probation revocation is authorized to impose the

same penalty that was available when the court initially sentenced the individual to probation, *unless* that individual is a juvenile who was sentenced within the juvenile offender system, in which case, this statute does not apply.

The contrast between the language used in MCL 771.4; MSA 28.1134 and MCL 771.7(1); MSA 28.1137(1) suggests that the Legislature's limitation of the penalty to a term of years in the latter statute was intentional. According to the dissent, MCL 771.7(1); MSA 28.1137(1) allows the court to impose any sentence, including a life sentence, as long as it does not exceed the penalty that the court could have imposed had the probation order never been entered. However, the Legislature's enactment of 1988 PA 78 suggests that this was not the Legislature's intent. 1988 PA 78 both amended MCL 771.4; MSA 28.1134 and added MCL 771.7; MSA 28.1137. By the amendment of MCL 771.4; MSA 28.1134, the Legislature specifically exempted juveniles who were sentenced within the juvenile offender system from the provision that would have allowed the court to sentence the probationer "in the same manner and to the same penalty as the court might have done if the probation order had never been made." For those juveniles exempted from MCL 771.4; MSA 28.1134, the Legislature in the same act added MCL 771.7; MSA 28.1137. Rather than repeating the words of MCL 771.4; MSA 28.1134, the Legislature provided that a juvenile who violated probation shall be "committed to the department of corrections for a term of years that shall not exceed the penalty that could have been imposed for the offense for which the juvenile was originally convicted and placed on probation." The fact that the Legislature

created an exemption in MCL 771.4; MSA 28.1134 and, in the same act, added a statute with markedly different language regarding the available penalty following probation revocation strongly suggests that the presence of the words "of years" was intentional.

Although statutes must be construed to avoid absurd or illogical results, *Gross v General Motors Corp*, 448 Mich 147, 164; 528 NW2d 707 (1995), the fact that a statute seems unwise or impolitic is not sufficient for judicial construction but is a matter for the Legislature. *City of Lansing v Lansing Twp*, 356 Mich 641, 648; 97 NW2d 804 (1959). "[P]olicy selection is the task of the Legislature, not the prerogative of the judiciary." *Goodridge v Ypsilanti Twp Bd*, 209 Mich App 344, 352; 529 NW2d 665 (1995), rev'd on other grounds 451 Mich 446; 547 NW2d 668 (1996). Although applying MCL 771.7(1); MSA 28.1137(1) as it is written creates differential treatment that seems anomalous to the dissent, this is not the same as an "absurdity" that would justify the judicial editing necessary to uphold a life sentence imposed under MCL 771.7(1); MSA 28.1137(1).

Because the court's imposition of a life sentence was in violation of MCL 771.7(1); MSA 28.1137(1), as well as MCR 6.933(B)(1), defendant must be resentenced to a term of years.

Revocation of defendant's probation is affirmed, and the case is remanded for resentencing. We do not retain jurisdiction.

M. E. KOBZA, J., concurred.

JANSEN, P.J. (*concurring in part and dissenting in part*). I concur with the majority that the trial court properly revoked defendant's probation in this case.

However, I respectfully dissent from the decision to remand for resentencing. I would affirm defendant's sentence of life without parole for the conviction of possession with intent to deliver 650 grams or more of cocaine, MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i).

I do not agree that MCL 771.7(1); MSA 28.1137(1) and MCR 6.933(B)(1) require that defendant be sentenced to a term of years in the face of the Legislature's mandate that a conviction of possession with intent to deliver 650 grams or more of a controlled substance is punishable by a term of life imprisonment. Such a conviction requires a term of imprisonment for life and there is no other available prison term under the statute. See MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i).

MCL 771.7(1); MSA 28.1137(1) does state that a juvenile must be "committed to the department of corrections for a term of years *that shall not exceed the penalty that could have been imposed* for the offense for which the juvenile was originally convicted and placed on probation." (Emphasis added.) MCR 6.933(B)(1) similarly provides that the juvenile must be "committed to the department of corrections for a term of years *not to exceed the penalty that could have been imposed* for the offense that led to the probation." (Emphasis added.) I emphasize these provisions because I do not believe that the "term of years" provision should be read in an overly legalistic manner or in a manner that could not have been what the Legislature intended.

The primary rule of statutory construction is to determine and effectuate the intent of the Legislature through reasonable construction in consideration of

the purpose of the statute and the object sought to be accomplished. *Gross v General Motors Corp*, 448 Mich 147, 158-159; 528 NW2d 707 (1995). Where a statute is clear and unambiguous, judicial construction is precluded. *Mino v McCarthy*, 209 Mich App 302, 304; 530 NW2d 779 (1995). If judicial interpretation is necessary, the meaning of the Legislature is to be found in the terms and arrangement of the statute without straining or refinement, and the expressions used are to be taken in their natural and ordinary sense. *Gross, supra*, p 160. Statutes must be construed to prevent absurd or illogical results and to give effect to their purposes. *Id.*, p 164.

By adopting defendant's argument that he must be sentenced to a term of years, as opposed to a term of life imprisonment, the majority is nullifying the Legislature's mandated sentence as set forth in MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). Moreover, such an interpretation, that *only* a sentence of a term of years can be imposed, leads to an illogical or unreasonable result. In other words, had defendant in this case been originally sentenced to the adult term, the trial court would have been required to sentence him to the mandatory term of life imprisonment. However, that option was not exercised and defendant was instead sentenced to probation. While on probation, defendant again committed another felony offense. His probation was revoked, and the majority now holds that he must be resentenced to a term of years. Such a result cannot be what the Legislature intended.

Rather, I believe that MCL 771.7(1); MSA 28.1137(1) requires that a defendant be sentenced to a term of years that cannot exceed the penalty that could have

originally been imposed, but that "term of years" does not preclude a sentence of life imprisonment where such penalty is mandated by the statute governing the original offense. Otherwise, it is anomalous that a juvenile defendant who is sentenced as an adult must be imprisoned for life, while a juvenile who is sentenced to probation and commits a felony while on probation could only be sentenced to a term of years. Not only could the Legislature not have intended such an anomaly, but such a result could well have equal protection implications.

Accordingly, I would affirm defendant's sentence of life without the possibility of parole because that sentence is required under MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). I do not agree that MCL 771.7(1); MSA 28.1137(1) and MCR 6.933(B)(1) preclude the imposition of a life sentence where that sentence is mandatory (and the only sentence permissible) under the pertinent statute. Rather, I would find that MCL 771.7(1); MSA 28.1137(1) and MCR 6.933(B)(1) simply require that the juvenile defendant be sentenced to a term of years that cannot *exceed* the penalty that could have been imposed for the offense for which the defendant was placed on probation. If the statute requires a sentence of life imprisonment, then the defendant should be sentenced to that term.

I would affirm the decision of the trial court in all respects.