*In re* TC

Docket No. 236163. Submitted May 7, 2002, at Detroit. Decided May 17, 2002, at 9:00 A.M.

The parental rights of Antoinette Coleman in TC and two other minor children were terminated pursuant to MCL 712A.19b(3)(b) by the Genesee Circuit Court, Family Division, Joseph J. Farah, J., more than seventy days after the commencement of the hearing to terminate parental rights. Coleman appealed by leave granted.

The Court of Appeals *held*:

MCR 5.974(G)(1), which applies to all proceedings in which termination of parental rights is sought except those that involve an Indian child, requires a court that does not issue a decision on the record following the hearing to file its decision within twenty-eight days after the taking of final proofs, but no later than seventy days after the commencement of the hearing. Neither a trial court's error in issuing a ruling or order nor an error in the proceedings is grounds for the Court of Appeals to reverse or otherwise disturb an order unless the Court of Appeals believes that failure to do so would be inconsistent with substantial justice. MCR 5.902(A), 2.613(A). In this case, the trial court's failure to adhere to the requirements imposed by MCR 5.974(G)(1) does not require reversal of its order terminating Coleman's parental rights.

Affirmed.

PARENTAL RIGHTS — TERMINATION OF PARENTAL RIGHTS — TRIAL COURTS — WRITTEN DECISIONS — TIME LIMITS — APPEAL.

The failure of a trial court terminating parental rights by written decision to file its decision no later than seventy days after the commencement of the hearing to terminate parental rights does not require a reversal of the order terminating parental rights unless the Court of Appeals believes that failure to do so would be inconsistent with substantial justice (MCR 2.613[A], 5.902[A], 5.974[G][1]).

*Daniel D. Bremer*, for Antoinette Coleman.

Before: SMOLENSKI, P.J. and NEFF and WHITE, JJ.

PER CURIAM. Respondent Antoinette Coleman appeals by delayed leave granted the order terminating her parental rights to her three children pursuant to MCL 712A.19b(3)(b). This Court granted respondent's application "limited to the question whether the trial court erred by continuing the termination trial more than 70 days after its commencement." We affirm.

MCR 5.974 "applies to all proceedings in which termination of parental rights is sought except those which involve an Indian child." MCR 5.974(A)(1). MCR 5.974 is applicable here. MCR 5.974(G)(1) provides:

> The court shall state on the record or in writing its findings of fact and conclusions of law. Brief, definite, and pertinent findings and conclusions on contested matters are sufficient. *If the court does not issue a decision on the record following hearing, it shall file its decision within 28 days after the taking of final proofs, but no later than 70 days after the commencement of the hearing to terminate parental rights.* [Emphasis added.]

Here, it is undisputed that the trial court did not issue a final decision within seventy days after the commencement of the hearing to terminate parental rights.[1] Therefore, within the strict reading of the

---

[1] In this case, the hearing to terminate parental rights commenced on September 28, 1999, after a supplemental petition was filed that requested termination of respondent's parental rights. Although the court stated on the record on October 27, 1999, that it had found statutory grounds for terminating respondent's parental rights, the court took its ultimate decision under advisement and scheduled a review in ninety-one days. At that review, on February 8, 2000, respondent's new attorney requested a best interests hearing. The court set a date for the hearing two days later, but respondent's attorney asked for more time. After two adjournments, the best interests hearing commenced on May 31, 2000. At the end of the best interests hearing, on June 2, 2000, the court found that it was in one

court rule, the court committed error. The question, however, is what is the remedy for a violation of the time requirements set forth in the rule.

Respondent argues that MCL 712A.19b(1), which contains the same time requirements for the court to issue opinions and orders as MCR 5.974(G), explicitly states that "the court's failure to issue an opinion within 70 days does not dismiss the petition." She contends that because the latest amendment of the court rule, which is silent on the issue of sanctions, took effect after the most recent amendment of MCL 712A.19b(1), the statute was superseded by the court rule. She notes that the Supreme Court is given exclusive rule-making authority in matters of practice and procedure, *McDougall v Schanz*, 461 Mich 15, 26; 597 NW2d 148 (1999), and argues that the Supreme Court would have used language similar or identical to that in MCL 712A.19b(1) had it intended that there would be no sanction for the trial court's failure to comply with MCR 5.974(G).

The construction and interpretation of court rules is a question of law that this Court reviews de novo. *In re Gosnell*, 234 Mich App 326, 333; 594 NW2d 90 (1999). We reject respondent's argument that the silence of the court rule with regard to a sanction for violating the rule signals the Supreme Court's rejection of the express statement of the statute that violation of the time requirements will not result in a dismissal. This Court has consistently interpreted MCR 5.974(F) as not requiring dismissal where the time

child's best interests to terminate respondent's parental rights to her. Regarding the other two girls, the court wished to be more deliberative and stated that it would issue a written opinion, which the court finally did on August 17, 2000.

limits set forth in that section have been violated. *In re Jackson*, 199 Mich App 22, 28-29; 501 NW2d 182 (1993); *In re Pardee*, 190 Mich App 243, 252; 475 NW2d 870 (1991); *In re Kirkwood*, 187 Mich App 542, 545-546; 468 NW2d 280 (1991). There is no reason to suppose that the Supreme Court intended that the penalty for delay would be more delay. Further, pursuant to MCR 5.902(A), "[l]imitations on corrections of error are governed by MCR 2.613." MCR 2.613(A) provides that

> an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.

Thus, the Supreme Court has stated in the court rules that a trial court's error in issuing a ruling or order or an error in the proceedings is not grounds for this Court to reverse or otherwise disturb an order unless this Court believes that failure to do so would be inconsistent with substantial justice. Thus, we conclude that the family court's failure to adhere to the time requirements imposed by MCR 5.974(G) does not require reversal of its order terminating respondent's parental rights.

Affirmed.