*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* GEE, Minors.

UNPUBLISHED
June 6, 2019

No. 346664
Oakland Circuit Court
Family Division
LC No. 2018-862682-NA

Before: SAWYER, P.J., and O'BRIEN and LETICA, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to the minor children pursuant to MCL 712A.19b(3)(b)(*i*), (g), (j), and (k)(*v*). We affirm.

This case arises from an original petition to obtain court jurisdiction over the minor children and terminate respondent's parental rights at the initial dispositional hearing. At a hearing on February 27, 2018, a Child Protective Services (CPS) specialist testified that on February 3, 2018, respondent was driving under the influence of cocaine and with a blood alcohol content of .23, while pregnant. Respondent crashed her vehicle into a pole. The trauma necessitated an emergency Cesarean section to deliver the unborn child, who died shortly after birth. Respondent's other children were not in the vehicle at the time of the accident and were in the care of their maternal uncle pursuant to a safety plan, but CPS was concerned that respondent would take the children. Thereafter, the trial court entered an order finding that reasonable efforts were made to prevent the children's removal and placing them into protective custody. After a preliminary hearing, the trial court similarly found that reasonable efforts had been made to prevent removal and authorized the petition.

Subsequently, a bench trial regarding jurisdiction was held. The trial court found that petitioner had satisfied its burden under MCL 712A.2(b)(1) and (2), on the basis of evidence that respondent used illegal drugs and alcohol while pregnant and got into a car accident, resulting in the death of her child. The trial court also found that there were statutory grounds to terminate respondent's parental rights pursuant to MCL 712A.19b(3)(b)(*i*), (g), (j), and (k)(*v*). After a best-interest hearing, the trial court further found that termination of respondent's parental was in the children's best interests. This appeal followed.

-1-

Respondent argues that the children were improperly removed because the Department of Health and Human Services (DHHS) failed to make reasonable efforts to prevent the children's initial removal and, therefore, the remaining proceedings are null and void. We disagree.

This Court reviews a trial court's factual findings, such as whether DHHS made reasonable efforts to prevent removal, for clear error. *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005). "A trial court's findings of fact are clearly erroneous if we are definitely and firmly convinced that it made a mistake." *In re Keillor*, 325 Mich App 80, 85; 923 NW2d 617 (2018) (quotation marks and citation omitted).

Respondent is challenging the emergency removal of the children that occurred after the hearing on February 27, 2018. The trial court entered an order taking the children into protective custody, in which it expressly found that reasonable efforts were made to prevent removal of the children from the home. Specifically, the trial court found:

> DHHS has attempted several interviews with mother. DHHS has interviewed putative fathers, relatives, hospital staff and law enforcement. DHHS reviewed several law enforcement reports. DHHS has attempted to hold several [Family Team Meetings (FTMs)] with mother however mother does not appear. Previous CPS records have been reviewed. A maternal uncle and his fiancée have been investigated for relative placement. Mother has claimed Native American heritage. DHHS has begun the process of notification to the appropriate tribes.

Respondent relies on Title IV-E, 42 USC 670 *et seq.*, arguing that it requires the petitioner to make "reasonable efforts" to prevent the removal of a child. 42 USC 671(a)(15), however, sets forth criteria that a state agency must satisfy in order to qualify for federal aid. See *Suter v Artist M*, 503 US 347, 358; 112 S Ct 1360; 118 L Ed 2d 1 (1992). It does not confer any rights on parents in child protective proceedings. *Id*. at 363-364.

Nonetheless, MCR 3.963(B)(1)(c) governs emergency removal orders and requires a court to make specific findings of fact that, "[c]onsistent with the circumstances, reasonable efforts were made to prevent or eliminate the need for removal of the child." See also MCL 712A.14b(1)(c). As noted, the trial court's order entered after the February 27, 2018 hearing, expressly found that reasonable efforts were made to prevent removal of the children from the home. Respondent, however, claims that the trial court's findings are clearly erroneous because DHHS failed to identify what was learned from the interviews and reports, and failed to identify any program that could have been implemented before removal.

Initially, petitioner argues that respondent has waived her claim that DHHS failed to make reasonable efforts to prevent removal. "Waiver is the intentional relinquishment of a known right." *Dep't of Licensing & Regulatory Affairs v Gordon*, 323 Mich App 548, 562; 919 NW2d 77 (2018). Petitioner relies on the fact that, at the preliminary hearing, which began on February 28, 2018, the day after the children's removal, the referee asked respondent for any argument against emergency placement and her attorney stated, "I understand the placement issue and would ask for supervision, your Honor, supervised visits." Although this statement does appear to have effectuated a waiver of the removal issue at the preliminary hearing on

February 28, 2018, respondent is challenging the emergency removal that occurred on February 27, 2018, and, on that date, no waiver occurred.

Nonetheless, respondent fails to establish that the trial court's finding that reasonable efforts were made to prevent removal is clearly erroneous. DHHS's efforts included conducting interviews, reviewing reports and records, and holding a FTM. Although the CPS specialist did not testify regarding what she learned from the interviews and records, it can reasonably be inferred that the decision to seek removal of the children was based on these efforts and the information obtained. According to the testimony at the February 27, 2018 hearing, DHHS was concerned that if the children were not removed from respondent's custody, she would take them from their uncle and they would be in danger, given her continued substance abuse, which resulted in the car accident that caused the death of her child shortly after an emergency delivery. Thus, removal was sought to ensure that respondent could not take the children from the uncle.

Although respondent also argues that DHHS failed to identify any program that could have been implemented before removal, she fails to identify any relevant authority that requires DHHS to "identify a program" as part of its reasonable efforts to prevent removal. She similarly fails to identify a specific program that should have been offered and that could have prevented removal. "The failure to brief the merits of an allegation of error is deemed an abandonment of an issue." *In re JS & SM*, 231 Mich App 92, 98; 585 NW2d 326 (1998), overruled on other grounds by *In re Trejo*, 462 Mich 341 (2000). Moreover, it is not evident that any program could have been immediately implemented so that removal of the children from respondent's custody would have been unnecessary. Respondent was a substantial risk to the children given her decision to use drugs and alcohol while pregnant and drive under the influence of those substances. The trial court did not clearly err by finding that DHHS's efforts to prevent removal were reasonable under the circumstances.

In addition, even if the trial court erred by finding that reasonable efforts were made, respondent fails to establish that reversal is required under the harmless error standard from MCR 2.613(A), which applies to child protective proceedings. See MCR 3.902(A); *In re Utrera*, 281 Mich App 1, 21; 761 NW2d 253 (2008); *In re TC*, 251 Mich App 368, 371; 650 NW2d 698 (2002). MCR 2.613(A) provides:

> An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.

As noted, respondent failed to appear for a FTM. Given respondent's failure to attend a FTM before the emergency removal, she fails to establish that the identification of any program by DHHS would have made a difference. Respondent was apparently interviewed and any program that would have likely been offered to her and implemented would have been done at the FTM. Moreover, respondent failed to comply with services offered in connection with a previous CPS investigation involving substance abuse. In this case, respondent only participated in one parenting time visit and one drug screen, which yielded positive results for THC and cocaine. Thus, it is unlikely that she would have participated in any program offered before

removal. Accordingly, the failure to correct any error in the finding of reasonable efforts is not inconsistent with substantial justice.

Moreover, respondent's claim that any error in the finding of reasonable efforts nullified the entire proceedings is without merit. Respondent fails to provide any support for her claim that an error in an emergency removal order renders the entire child protective proceedings null and void. Respondent observes that because petitioner sought termination at the initial dispositional hearing, an attack on jurisdiction is direct, not collateral. But respondent does not challenge the trial court's jurisdictional findings, only its order taking the children into protective custody.

Furthermore, following the children's emergency removal, a preliminary hearing was held, after which the referee and the trial court again found that reasonable efforts were made to prevent removal, including interviewing respondent, the putative fathers, relatives, hospital staff, and law enforcement. The referee and the trial court made similar findings after the continued preliminary hearing on April 16, 2018. Subsequently, an adjudication trial was held and the trial court found that jurisdiction was proper under MCL 712A.2(b)(1) and (2). The trial court also found that there were statutory grounds to terminate respondent's parental rights pursuant to MCL 712A.19b(3)(b)(*i*), (g), (j), and (k)(*v*). Finally, after a best-interest hearing, the trial court found that termination of respondent's parental rights was in the children's best interests. Respondent does not challenge any of these findings. Accordingly, respondent fails to establish that failure to correct any error in the order taking the children into protective custody would be inconsistent with substantial justice.

Affirmed.

/s/ David H. Sawyer
/s/ Colleen A. O'Brien
/s/ Anica Letica