*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* M. J. R. STAFFORD, Minor.

UNPUBLISHED
August 18, 2022

No. 360307
Huron Circuit Court
Family Division
LC No. 20-004805-NA

Before: SAWYER, P.J., and SHAPIRO and REDFORD, JJ.

PER CURIAM.

Respondent-father appeals by right from the trial court's order terminating his parental rights to his minor child under MCL 712A.19b(3)(g), (i) and (j). Respondent also raises an adjudicatory challenge on appeal. For the reasons stated in this opinion, we vacate the trial court's adjudication and termination orders, and we remand to the trial court for further proceedings.

## I. BACKGROUND

In April 2020, police were dispatched to the child's mother's apartment to address a domestic violence complaint. The child's mother testified that respondent had shouldered open the door into a bedroom where she and the child were. She had called the police because she was concerned about respondent's mental health, not because she was afraid that he would assault her or the child. Respondent was arrested and charged with domestic violence.

Respondent previously had his parental rights to three children terminated, and he also had criminal convictions including past instances of domestic violence. Given this history, the petitioner, the Department of Health and Human Services (DHHS), requested that the trial court terminate respondent's parental rights.

Respondent requested a jury trial at the adjudicative stage. The adjudication trial was delayed several times because of the COVID-19 pandemic. After initially reporting being deadlocked, the jury subsequently found that there was a risk of harm to the child's mental well-being, which allowed the trial court to assume jurisdiction over the child with respect to respondent. The trial court then terminated respondent's parental rights at his initial dispositional hearing after finding that clear and convincing evidence supported terminating his parental rights under MCL 712A.19b(3)(g), (i) and (j), and that doing so was in the child's best interests. The

court additionally issued an injunction stating that the respondent-father is "permanently and completely enjoined from having any direct and/or indirect contact with the child until such time as the child reaches the age of 18" and that a violation would result in a charge of contempt of court.

## II. ADJUDICATION

Respondent first argues that the trial court erred by admitting an exhibit that contained hearsay during the jury trial adjudication. We agree.[1]

Regarding adjudication trials, MCR 3.972(C)(1) provides that, "[e]xcept as otherwise provided in these rules, the rules of evidence for a civil proceeding and the standard of proof by a preponderance of evidence apply at the trial, notwithstanding that the petition contains a request to terminate parental rights." Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). "Hearsay is inadmissible unless the rules of evidence provide otherwise." *In re Utrera*, 281 Mich App 1, 15, 761 NW2d 253 (2008), citing MRE 802.

At the jury trial, petitioner sought to admit a packet of court documents relating to the prior termination of respondent's parental rights. The packet contained: a 2018 order dismissing the children as permanent wards of the court; the 2015 order of termination; and the supplemental petition for termination containing the supporting allegations. Respondent's counsel did not object to the orders, but he did object to admitting the attached petition allegations on the grounds that they constituted hearsay. After the trial court confirmed that the petition contained information that may or may not have been proven at the prior termination hearing, the court instructed the jury to consider only the first five pages of the packet, which included the aforementioned orders and the petition cover sheet. The trial court noted for the jury that in the previous action "there were a lot of allegations made," and the jury was not trying those allegations.

It is unclear if the trial court determined that the petition allegations were inadmissible hearsay, or whether the court was exercising its discretion to preclude the evidence under MRE 403 (probative value of evidence is substantially outweighed by the danger of unfair prejudice). What is clear, however, is that the trial court determined that the petition allegations were not admissible evidence to be considered by the jury. Accordingly, the trial court should have ordered that the petition allegations, or better yet the petition itself, be unstapled from the packet containing

---

[1] We review for an abuse of discretion the trial court's ruling regarding the admission of evidence and de novo whether a statute or court rule bars admitting evidence at a hearing regarding the termination of parental rights. *In re Martin*, 316 Mich App 73, 80; 896 NW2d 452 (2016). The trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *In re Utrera*, 281 Mich App 1, 15, 761 NW2d 253 (2008). The harmless-error standard applies in proceedings to terminate parental rights. See *In re Williams*, 286 Mich App 253, 273; 779 NW2d 286 (2009). We set aside orders under this standard when we conclude "that failure to do so would be inconsistent with substantial justice." *In re TC*, 251 Mich App 368, 371; 650 NW2d 698 (2002).

the admissible court orders and not be given to the jury. Inexplicably, however, the trial court admitted the entire packet into evidence under the apparent conclusion that a limiting instruction for the jury not to consider the allegations was sufficient. Given that the evidence was plainly inadmissible and withholding the document from the jury presented no evidentiary or practical problems, submitting it to the jury was an abuse of discretion.[2]

We disagree with petitioner that any error by the trial court was harmless given the limiting instruction. Curative instructions are generally considered to cure most errors because juries are presumed to follow instructions. See *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008). But our caselaw does not require us to affirm sufficiently serious, avoidable errors merely because they were accompanied by a limiting instruction. And we decline to adopt the view that any and all inadmissible evidence could be presented to the jury so long as the jury is instructed not to consider said evidence. This is inconsistent with the rules of evidence and substantial justice.

Further, this was a close case with an initially deadlocked jury, as noted. And petitioner does not dispute that the allegations from the prior case were highly prejudicial to respondent. Further, the court's limiting instructed was possibly undermined by the child's guardian ad litem (L-GAL) argument to the jury that how respondent treated one child was evidence of how he would treat other children. This appears to have been a reference to the prior petition allegations, as there was no other evidence admitted at trial regarding respondent's treatment of his other three children to whom his rights were terminated.

In sum, the trial court abused its discretion by providing the jury with inadmissible documentary evidence that could have been easily separated from the document packet. And given the magnitude of the error we will not presume that any prejudice was cured by the court's limiting instruction. Further, there is a reasonable basis to conclude that respondent was in fact prejudiced by this error because this was a close case and the petition allegations were highly prejudicial. Under these circumstances, we conclude that failing to order a new adjudication trial "would be inconsistent with substantial justice." *In re TC*, 251 Mich App 368, 371; 650 NW2d 698 (2002).

Accordingly, we decline to hold that the trial court's error was harmless, and we remand for respondent to be retried at the adjudicative stage.[3]

### III. TERMINATION

---

[2] We note that the petition papers included statements of fact including but not in any way limited to the following: respondent's prior drug screens, appointments, failures to appear, referrals to services, disenrollment for non-compliance, medical diagnoses, not taking advantage of previous counselling services, psychological assessments, refusal to sign release forms to DHHS personnel, signing release forms and then revoking the consent shortly thereafter, conduct during child visits, referral to stress and anger management groups and summations of prior criminal charges.

[3] Given our ruling, we decline to address respondent's argument that the delay in his child-protective proceedings, due to COVID-19 pandemic, denied his constitutional right to due process.

Because we are vacating the adjudication, the subsequent termination order must also be vacated. Accordingly, respondent's challenges to the termination order are moot. Nonetheless, because one of respondent's challenges relates to the prior termination petition discussed above, we will briefly address it.

At the initial disposition hearing, the trial court considered the prior petition allegations as substantive evidence against respondent. MCR 3.977(E) governs the termination of parental rights at an initial dispositional hearing, and provides in pertinent part:

> Termination of Parental Rights at the Initial Disposition. The court shall order termination of the parental rights of a respondent at the initial dispositional hearing held pursuant to MCR 3.973, and shall order that additional efforts for reunification of the child with the respondent shall not be made, if
>
> * * *
>
> (3) at the initial disposition hearing, *the court finds on the basis of clear and convincing legally admissible evidence that had been introduced at the trial* or plea proceedings, or that is introduced at the dispositional hearing, that one or more facts alleged in the petition:
>
> (a) are true, and
>
> (b) establish grounds for termination of parental rights under MCL 712A.19b(3)(a), (b), (d), (e), (f), (g), (h), (i), (j), (k), (l), or (m);
>
> (4) termination of parental rights is in the child's best interests. [Emphasis added.]

In this case, at the dispositional hearing, the prosecutor moved to admit the petition portions of the record from respondent's previous termination case. The trial court ruled that the records of the prior termination, including the petition allegations, were admissible at the dispositional proceeding. The trial court's ruling was erroneous because, for the reasons discussed, the petition allegations were not "legally admissible evidence" introduced at the adjudication trial. Accordingly, the trial court abused its discretion by admitting and relying on the prior petition allegations to terminate respondent's parental rights at the initial dispositional hearing. Should this case again proceed to that stage, the trial court shall follow MCR 3.977(E) and only consider the evidence admitted at the adjudication.[4]

---

[4] We decline to address whether the other evidence was sufficient to terminate respondent's parental rights under multiple statutory grounds. We also decline to address whether the trial court clearly erred by finding that termination of respondent's parental rights was in the child's best interests.

-4-

Respondent also argues that the trial court should not have issued an injunction following termination of his parental rights preventing him from having direct or indirect contact with the child, until she is 18.  This injunction is also vacated given our ruling in this case.  Further, we conclude that the trial court erred by entering this injunction and that absent evidence-based findings that such a far-reaching order is in the best interests of the child, an injunction may not be issued.

MCL 712A.6 grants the trial court authority to "make orders affecting adults as in the opinion of the court are necessary for the physical, mental, or moral well-being of a particular juvenile or juveniles under its jurisdiction.  However, those orders must be incidental to the jurisdiction of the court over the juvenile or juveniles."  The trial court may only make orders affecting adults that are "necessary," and this statutory language requires courts to be conservative.  *In re Macomber*, 436 Mich 386, 398-399; 461 NW2d 671 (1990).  If "the factual record is insufficient to justify the 'necessity' of the order, [this Court] may overturn the order as clearly erroneous."  *Id*. at 399.

In an unpublished decision, this Court recently reversed the automatic issuance of an injunction by this same trial court and remanded for the court to articulate a finding for why a similar injunction was necessary for the child's well-being.  See *In re Wilson*, unpublished per curiam opinion of the Court of Appeals, issued November 18, 2021 (Docket No. 356370).  In that case, this Court noted that such an injunction may only be granted if "*necessary* for the physical, mental, or moral well-being of the child," *id*. at 8 (emphasis in original), and observed that "[t]he word 'necessary' is sufficient to convey to probate courts that they should be conservative in the exercise of their power over adults,"[5]  *id*. at 9, quoting *In re Macomber*, 436 Mich at 399.  We find

---

[5] Nor may the threat of such an injunction be used to pressure a respondent to voluntarily terminate their parental rights.  In *Wilson*, the trial court told the respondent that if he voluntarily surrendered his parental rights no such injunction would be issued, but that if his rights were terminated by the court, it would impose the injunction.  As the *Wilson* Court noted, such a "practice likely has a chilling effect on many respondents' exercise of their constitutionally- and statutorily-protected right to a hearing before parental rights may be terminated [and] potentially renders involuntary every waiver of parental rights the trial court accepts."  *In re Wilson*, unpub op at 10.  The Court concluded that "on remand in this case, and in every other termination of parental rights case, the trial court may not automatically enter an injunction precluding a parent whose rights have been terminated for contacting the child until the child is 18 years of age."  *Id*.  See also *In re Kester*, unpublished per curiam opinion of the Court of Appeals, issued July 28, 2022 (Docket No. 359141), p 7 (reversing the adjudication because *inter alia* "when respondent . . . failed to enter a plea to the satisfaction of the trial court, she was immediately punished.  She was kicked out of the proceedings and, in her absence, her parenting time was suspended and petitioner was directed by the court to file a petition seeking termination of her parental rights.").

the reasoning in *Wilson* persuasive.[6]  In this case, as in *Wilson*, the trial court articulated no reason for issuing so sweeping an injunction and appeared to issue the order as if it was routine in termination cases.  "Such an 'automatic' order is inconsistent with the statute's authorization of orders that are 'necessary' for a child's well-being."  *In re Wilson*, unpub op at 10.

We vacate the adjudication, termination, and injunctive orders, and remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Douglas B. Shapiro
/s/ James Robert Redford

---

[6] See *Council of Organizations & Others for Ed About Parochiaid v Michigan*, 321 Mich App 456, 468 n 4; 909 NW2d 449 (2017) (stating that unpublished opinions may be considered as persuasive authority).