*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* E. LITTLE, Minor.

UNPUBLISHED
April 13, 2023

No.  362152
Bay Circuit Court
Family Division
LC No.  18-012494-NA

Before:  GADOLA, P.J., and PATEL and MALDONADO, JJ.

PER CURIAM.

Respondent-mother appeals as of right an order terminating her parental rights to her minor child, EL, under MCL 712A.19b(3)(c)(*i*), (g), and (j).  We find that at least one ground for statutory termination was established by clear and convincing evidence and termination is in the child's best interests.  We also find that the trial court's failure to adhere to the time requirements imposed by MCR 3.977(I)(1) does not warrant reversal.  We affirm.

## I.  BACKGROUND

Respondent has a long history of mental-health issues and criminally-aggressive behavior. She has been involuntarily hospitalized multiple times for psychiatric reasons.  In January 2018, respondent was involuntarily hospitalized for mental health treatment, which led to the removal of EL.[1]  EL was four months old when these proceedings began and was nearly five years old at the end of the termination hearing.  EL has spent a majority of these proceedings in the care of one of respondent's cousins.  Respondent's cousin and his spouse wish to adopt EL.

Respondent was provided with numerous services aimed at reunifying her with EL, including a psychological assessment, psychiatric evaluation, individual counseling, substance-abuse counseling, drug screens, parenting classes, parenting-time visits, and family support

---

[1] The petition included another one of respondent's minor children, IL.  Eventually, IL's father obtained full legal and physical custody of the child, and IL was dismissed from the proceedings. Respondent has two other children, DH and PL.  Both of their fathers have full legal and physical custody of them as well.  EL's father is unknown.

services. It is undisputed that she made some progress—she had periods of mental wellness, she obtained employment, and she maintained suitable housing. But she suffered a number of setbacks with her mental-health and criminal issues. During these proceedings, she was briefly hospitalized for psychiatric reasons and she was arrested twice for drunk driving.

In January 2022, the Department of Health and Human Services (DHHS) filed a supplemental petition seeking termination of respondent's parental rights to EL. Following the nine-day termination hearing during which testimony was taken from 19 witnesses and respondent, the trial court concluded that there was clear and convincing evidence supporting termination under MCL 712A.19b(3)(c)(*i*), (g), and (j). The court found by a preponderance of the evidence that termination was in EL's best interests. This appeal followed.

## II. DELAYED RULING

Respondent first argues that she is entitled to reversal of the termination order because the trial court did not timely issue its opinion and order terminating her parental rights. We disagree.

### A. STANDARD OF REVIEW

Because respondent did not raise any issue below regarding the trial court's failure to comply with the timing requirements of MCL 712A.19b(1) and MCR 3.977(I)(1), we review this unpreserved issue for plain error affecting substantial rights. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). To obtain relief, respondent must show that an error occurred, that it was clear or obvious, and that the error affected her substantial rights. *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011). An error generally affects substantial rights if it is prejudicial, i.e., it affected the outcome of the case. *In re Utrera*, 281 Mich App at 9.

This issue also involves the interpretation of a court rule and a statute, which is a question of law that we review de novo. *Micheli v Mich Auto Ins Placement Facility*, 340 Mich App 360, 367; ___ NW2d ___ (2022).

### B. ANALYSIS

MCL 712A.19b(1) states, in pertinent part: "The court shall issue an opinion or order regarding a petition for termination of parental rights within 70 days after the commencement of the initial hearing on the petition. The court's failure to issue an opinion within 70 days does not dismiss the petition." MCR 3.977(I)(1) states, in pertinent part: "If the court does not issue a decision on the record following hearing, it shall file its decision within 28 days after the taking of final proofs, but no later than 70 days after the commencement of the hearing to terminate parental rights." The trial court's opinion and order in this case was untimely under these provisions. The termination hearing commenced on March 16, 2022. Final proofs were taken on May 19, 2022, and the referee issued her opinion on the record on June 22, 2022.[2] Thus, the trial court erred by

---

[2] Respondent concedes that this date is the proper date, even though the trial court's opinion in which it set forth detailed written findings was signed a day later.

failing to comply with MCL 712A.19b(1) and MCR 3.977(I)(1). But this error does not warrant reversal of the order terminating respondent's parental rights.

The harmless-error standard of civil procedure is incorporated into proceedings involving juveniles. See MCR 3.902(A) ("[l]imitations on corrections of error are governed by MCR 2.613."); see also *In re Utrera*, 281 Mich App at 14 (acknowledging that the harmless-error analysis applies to proceedings involving juveniles). MCR 2.613(A) provides:

> An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.

MCL 712A.19b(1) expressly states that "[t]he court's failure to issue an opinion within 70 days does not dismiss the petition." And this Court has held that a trial court's violation of the time limits set forth in the court rule does not require dismissal. *In re TC*, 251 Mich App 368; 650 NW2d 698 (2002).[3] In *In re TC*, the trial court's final decision was not issued within 70 days after the termination hearing commenced. *Id.* at 369. The respondent acknowledged the statement from MCL 712A.19b(1) that "[t]he court's failure to issue an opinion within 70 days does not dismiss the petition," but argued that the court rule took precedence in such a procedural matter and that if the Supreme Court intended for there to be no sanctions for a violation, it would have stated as much in the rule. *Id.* at 370. This Court rejected the respondent's argument, reasoning that "[t]his Court has consistently interpreted [a preceding section in the court rules] as not requiring dismissal where the time limits set forth in that section have been violated." *Id.* at 370-371. This Court added, "There is no reason to suppose that the Supreme Court intended that the penalty for delay would be more delay." *Id.* at 371. This Court held that reversal was not required under MCR 2.613(C). *Id.*

In this case, respondent has failed to demonstrate any prejudice arising from the trial court's untimely issuance of its termination decision. She has not provided a reason to believe that a timely decision would have reached a different outcome. Accordingly, respondent is not entitled to reversal of the termination decision.

## III. STATUTORY GROUNDS

Respondent argues that the trial court erred by finding that clear and convincing evidence supported termination of her parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j). We disagree.

---

[3] The court rule at issue in *In re TC* was former MCR 5.974(G)(1), which is the predecessor to MCR 3.977(I)(1) and was substantially identical to it. See *In re TC*, 251 Mich App at 369; see also *In re Utrera*, 281 Mich App at 13 n 4 (noting that, effective May 1, 2003, "MCR subchapter 5.900 was moved to new MCR subchapter 3.900, and MCR 3.977 corresponds to former MCR 5.974[.]").

## A. STANDARD OF REVIEW

We review a trial court's factual findings regarding statutory grounds for termination of parental rights and the decision to terminate parental rights for clear error. MCR 3.977(K); *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021) (cleaned up). "To be clearly erroneous, a decision must be more than maybe or probably wrong." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). "When applying the clear-error standard in parental termination cases, 'regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it.'" *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020), quoting *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989); see also MCR 2.613(C).

## B. ANALYSIS

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). If at least one statutory ground for termination is established, "we need not consider whether the other grounds cited by the trial court also supported the termination decision." *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

A trial court may terminate a respondent's parental rights under MCL 712A.19b(3)(c)(*i*) if "182 or more days have elapsed since the issuance of an initial dispositional order" and "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." Termination of parental rights is proper under MCL 712A.19b(3)(c)(*i*) when "the totality of the evidence amply supports that [the respondent] ha[s] not accomplished any meaningful change in the conditions" that led to the adjudication, *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009), "despite time to make changes and the opportunity to take advantage of a variety of services[,]" *White*, 303 Mich App at 710 (cleaned up).

It is undisputed that, at the time of termination, more than 182 days had elapsed since the initial disposition order was entered. Thus, we must determine whether the trial court clearly erred in determining that the conditions that lead to adjudication continued to exist, and there was no reasonable likelihood that they could be rectified within a reasonable time considering EL's age. The totality of the evidence amply supports that respondent's emotional instability continued to exist. As the trial court recognized, the evidence "paint[s] a very disturbing picture of a woman who is totally out of control and violent towards herself and others." Respondent has continuously denied mental health issues and had been resistant to treatment. The court explained that it did not find the respondent's testimony credible, stating she "repeatedly lied or had a distorted version of reality on multiple occasions." Because respondent's failure to acknowledge her mental health issues "has resulted in a continued cycle of periods of relative stability, interrupted by instability, hospitalizations, substance use, and violence dating back until at least [respondent's] first known hospitalization in 2011[,]" the court found "that is it very unlikely that this cycle will be broken within the foreseeable future." Respondent's appellate arguments essentially amount to an attempt

to relitigate the weight and strength of the evidence. But our Supreme Court has long recognized that appellate courts are to give deference to the special ability of the trial court to judge the credibility of the witnesses before it, given the trial court's advantage as trier of fact in "being able to consider the demeanor of the witnesses in determining how much weight and credibility to accord their testimony." *In re Miller*, 433 Mich at 337.

At the time of the termination hearing, EL had been in foster care for nearly 4½ years. We find that the trial court did not clearly err by concluding that respondent, despite the extremely long period that this case was pending, had still not adequately addressed her issues with emotional instability and was not likely to do so within a reasonable time considering EL's age.[4] Accordingly, we are not left with a definite and firm conviction that a mistake has been made in finding that termination was proper under MCL 712A.19b(3)(c)(*i*). See *In re Ellis,* 294 Mich App at 33.[5]

## IV. BEST INTERESTS

Respondent contends that the trial court clearly erred by concluding that it was in EL's best interests to terminate respondent's parental rights. We disagree.

## A. STANDARD OF REVIEW

We review a trial court's decision that termination is in a child's best interests for clear error. *In re Atchley*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 358502); slip op at 6-7.

## B. ANALYSIS

"If a trial court finds that a statutory basis for terminating parental rights exists by clear and convincing evidence, it is required to terminate parental rights if it finds from a preponderance of evidence on the whole record that termination is in the children's best interests." *In re Brown/Kindle/Muhammad Minors*, 305 Mich App 623, 637; 853 NW2d 459 (2014) (cleaned up); see also MCL 712A.19b(5). Whether termination is in the children's best interests must be established by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The focus of the best-interest determination is on the child, not the parent. *In re Schadler*, 315 Mich App at 411. Factors to be considered for purposes of the best-interest analysis include "the child's bond to the parent, the parent's parenting ability, the child's need for

---

[4] Respondent contends that DHHS should have credited the report from a social worker who opined that respondent did not have bipolar disorder, but it was adequately explained that the report was not given weight because the worker was not a psychiatrist. And the trial court explained that it was not the label used for respondent that was important; what was important was her behavior.

[5] Because only one statutory ground for termination of a respondent's parental rights must be established, we do no need to address whether termination was warranted under MCL 712A.19b(3)(g) or (j). *Foster*, 285 Mich App at 633.

permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (cleaned up). A court may also consider whether it is likely that a child could be returned to a parent's home "within the foreseeable future, if at all." *In re Frey*, 297 Mich App 242, 249; 824 NW2d 569 (2012). Other relevant factors include "a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). In addition, the trial court may consider a parent's substance abuse problems. *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001). If a child is in the care of a relative at the time of the termination hearing, the trial court must also explicitly address that factor. *In re Mason,* 486 Mich 142, 164; 782 NW2d 747 (2010).

In this case, the trial court determined that it was in EL's best interests to terminate respondent's parental rights due to EL's age, the length of time EL has been in foster care, EL's need for stability and permanency, the likelihood of EL being adopted, respondent's sporadic visitation history at times, respondent's failure to achieve mental stability, EL's well-being in foster care, and the likelihood that guardianship would not be successful. The court considered the fact that EL was in the care of relatives, concluding that EL was young and termination was in EL's best interests because it provided EL with "the stability and permanency [EL] needs."

Respondent's love for EL is not questioned. But as noted by the trial court, EL was only 4½ months old when the case began and had been in care for almost 4½ years at the time of the termination hearing. The majority of EL's life has been lived outside of respondent's care. The testimony reflects that EL is reluctant to attend visitations with respondent and, after visitations, EL exhibits regressive and aggressive behaviors. For over four years, EL lived with respondent's cousin and spouse. That relationship is bonded and stable. The lawyer-guardian ad litem (GAL) supports termination. EL's needs for permanence, stability, and long-term safety outweigh any bond with respondent that may exist. The court's findings were supported by a preponderance of the evidence. We are not left with a definite and firm conviction that a mistake has been made. Accordingly, we conclude that the court did not clearly err in finding that termination of respondent's parental rights was in EL's best interests.

Affirmed.

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Allie Greenleaf Maldonado